THE STATE OF KANSAS v. JOHN H. SCARLETT.

No. 10567.

VERDICT — *under § 42 of Crimes Act, defective if degree not specified.* Where the defendant is charged, under section 42 of the Act Regulating Crimes and Punishments, with assaulting and wounding another under such circumstances as would constitute murder, or manslaughter, if death had ensued, a verdict of guilty as charged in the information is insufficient in form, because it fails to specify the degree of the offense of which the defendant is found guilty; the offenses of assault and battery and simple assault, being inferior degrees of the offense charged.

*Appeal from Finney District Court.*
*Hon. Wm. Easton Hutchison, Judge.*

REVERSED AND REMANDED.        OPINION FILED JULY 11, 1896.

THE information in this case contains two counts. The first charges the defendant with having assaulted and stabbed R. P. Ross, with a deadly weapon, on purpose and of malice aforethought, with intent to kill him. The second count charges that he unlawfully and feloniously assaulted said Ross and stabbed him with a knife — a deadly weapon — whereby said Ross was wounded and received great bodily harm. The jury returned the following verdict: "We, the jury, empaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the second count of the information." The defendant moved for a new trial and in arrest of judgment, because the second count of the information did not state facts sufficient to constitute a public offense, and because the verdict was insufficient to support a judgment. This motion was overruled, and the defendant was sentenced to confinement in the penitentiary for one year. From this judgment he appeals.

*A. J. Hoskinson*, for appellant.

*F. B. Dawes*, Attorney General, and *B. F. Stocks*, County Attorney, for The State.

ALLEN, J.   Although there are 11 assignments of error it is only necessary to consider the last one, as that compels a reversal of the judgment. Section 239 of the Code of Criminal Procedure reads as follows:

"Upon the trial of any indictment or information for any offense, where by law there may be conviction

of different degrees of such offense, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offense they find the defendant guilty.''

The second count of the information was drawn under section 42 of the Act Regulating Crimes and Punishments, and while somewhat defective in form is, as against a motion in arrest of judgment, sufficient to sustain a conviction. This count necessarily includes not only the offense defined by section 42, but also assault and battery and simple assault.

The verdict fails to specify the degree of the offense of which the jury convicted the defendant. Are assault and battery and simple assault inferior degrees of the offense charged? That they are necessarily included within the charge, and that a conviction may be had of either assault and battery or simple assault under this count of the information, is beyond question. It is not so clear, however, that they are different degrees of the offense within the meaning of section 239 of the Code of Criminal Procedure. The writer is of the opinion that they are not, and that the verdict in this case amounts to a conviction of the offense defined in section 42, there being but one degree of that offense ; and that section 239 of the Code only imperatively requires a specification of the degree of the offense where, under the statute, there are different degrees of an offense named ; as of murder, manslaughter, burglary, arson, robbery, and other offenses divided into degrees. The majority of the Court, however, hold that every offense included within a criminal charge is to be treated as a degree of the major offense ; and that the jury must specify in their verdict the degree of which they find the defendant guilty. In the cases hereto-

fore decided by this Court, all inferior offenses necessarily included within the charge have been generally treated as different degrees of one crime. *Guy v. The State of Kansas*, 1 Kan. 448 ; *The State v. Reddick*, 7 id. 143 ; *The State v. Huber*, 8 id. 447 ; *The State v. O'Kane*, 23 id. 244 ; *The State v. Burwell*, 34 id. 312. As tending to support the contrary rule, see the following cases : *The State v. Adams*, 20 Kan. 311 ; *The State v. Jennings*, 24 id. 642 ; *The State v. Treadwell*, 54 id. 513.

We find no substantial error in any of the other proceedings of the Court, but, for the refusal to grant a new trial on account of the defective form of the verdict, the judgment must be reversed, and a new trial ordered.

MARTIN, C. J., and JOHNSTON, J., concurring.

ALLEN, J., dissenting.