## THE STATE OF KANSAS v. CLARENCE MARSHALL.

### No. 633.   (57 Pac. 260.)

CRIMINAL LAW—*Degree of Offense—Sufficient Verdict.*   In the trial of M., charged with felonious assault with a deadly weapon, with malice aforethought, with intent then and there unlawfully and feloniously to kill and murder, a verdict that "we, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty of assault and battery," is not open to objection for the reason that it fails to specify the degree of offense.

Error from Jackson district court; LOUIS A. MYERS, judge.   Opinion filed May 10, 1899.   Affirmed.

*H. F. Graham,* county attorney, and *C. W. Noble,* for The State.

*Crane & Woodburn,* for appellant.

The opinion of the court was delivered by

MCELROY, J.: The appellant was tried and convicted in the district court upon an information charging, in substance, "that Clarence Marshall did unlawfully, feloniously, on purpose and of malice aforethought make an assault upon one A. A. Clark with a certain pitchfork, a dangerous and deadly weapon, with malice aforethought, with the intent then and there unlawfully, feloniously, on purpose and with malice aforethought to kill and murder."

The jury returned the following verdict: "We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty of assault and battery." The defendant objected to the reception of the verdict for uncertainty, because it was not responsive to the information, and because it was contrary to the law and the evidence. The ob-

jection was overruled, the verdict approved, and the defendant sentenced to pay a fine of $200 and the costs of the action, and that he be committed to the jail until the fine and costs were paid.

The appellant contends that the verdict is fatally defective for the reason that it does not state that the jury find the defendant guilty of the assault and battery included in the charge of assault with intent to kill, nor of assault and battery as charged in the information; that the assault and battery charged in the information was committed with a pitchfork, a dangerous and deadly weapon; that the evidence shows that the assault and battery of which the appellant was convicted was committed with a stick— that is, with the handle of a pitchfork — and is, therefore, not the assault and battery charged; and that the court erred in not requiring the jury to amend their verdict so as to read, "guilty of assault and battery as charged in the information."

Marshall and Clark were working in a hay camp in Jackson county. They had a dispute concerning the details of the work, which resulted in Marshall beating and wounding Clark. Marshall procured a pitchfork with which he beat and wounded Clark; he struck at Clark at least one blow with the pitchfork; this was quickly followed by others, until the defendant was prevented from doing further harm by his fellow workmen. At some time during the encounter the pitchfork was broken, and thereafter Marshall used the handle, or the greater portion of it. Clark received a severe wound on the head, a lacerated hand, a fractured arm, and was badly bruised and wounded. It appears that Marshall selected his own weapon, a pitchfork, with which to subdue his antagonist. He broke the instrument, not on purpose to secure the handle

The State v. Marshall.

for use as a club, but accidentally, while using it as a weapon. The law will not hold one guiltless who uses upon his fellow man a dangerous or deadly weapon, for the reason that such weapon becomes less dangerous or deadly by use, and through no design on the part of the assailant. There is no variance between the alleged weapon and the one used; the weapon alleged was used until by accident it became less dangerous, but for all intent it remained the same.

The information charged the defendant with a felony under section 39 ( Gen. Stat. 1897, ch. 100 ; Gen. Stat. 1899, § 1976), and also charged an assault and battery under section 41 ( Gen. Stat. 1899, § 1979). The jury found the defendant guilty of the lesser offense. The appellant relies on *The State v. Scarlett*, 57 Kan. 252, 45 Pac. 602 ; *The State v. Pickering*, 57 id. 326, 46 Pac. 314 ; *The State v. O'Shea*, 59 id. 593, 53 Pac. 876, and section 239 ( Gen. Stat. 1897, ch. 102 ; Gen. Stat. 1899, § 5492) of the code of criminal procedure, which section reads :

'' Upon the trial of any indictment or information for any offense, where by law there may be conviction of different degrees of such offense, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offense they find the defendant guilty.''

In the Scarlett case the defendant was charged under section 42 of the act regulating crimes and punishments, which necessarily included all the degrees defined by that section, but also assault and battery and simple assault. The verdict failed to specify the degree of the offense of which the jury convicted the defendant, and the court held the verdict defective for that reason. Had the jury set forth in the verdict all the findings necessary to constitute the crime described

under section 42, the verdict would have been suffi-
ciently definite and certain. .

In the Pickering case the defendant was charged
with having stolen property from a person by vio-
lence to the person, and by putting him in fear of im-
mediate injury, with intent to rob.   The verdict
rendered found the defendant guilty as charged in the
information without specifying any degree of the of-
fense.   The verdict as returned was not sufficient in
form to show upon which degree of the offense the
conviction was had, and the court held the verdict
fatally defective in form.

In the O'Shea case the defendant was charged, un-
der section 39, with an assault with intent to kill.
The jury returned a verdict : "We, the jury impan-
eled and sworn in the above-entitled case, do upon
our oaths find the defendant guilty of an assault with
a deadly weapon with intent to kill, as charged and
set forth in the information."   The court said :

"The verdict finds the defendant guilty of the acts,
also of an intent to kill, but it fails to state either that
the acts were done on purpose, or of malice afore-
thought.   To constitute the crime defined by section
39, these elements are essential.   .   .   .   In this case
we are forced to order a new trial because the jury has
not been specific in finding the elements of criminality
of which they convicted the defendant."

These cases are, therefore, not applicable to the
question under consideration.   There is no uncer-
tainty from the verdict returned in this case as to
what degree of the crime charged the defendant is
convicted.   "We, the jury impaneled and sworn in
the above-entitled cause, do upon our oaths find the
defendant guilty of assault and battery."   The ver-
dict very clearly specifies the degree under which the
conviction is had.

The alleged error of the court in overruling the motion for a new trial consists of the same questions already considered.

The judgment is affirmed.