THE STATE OF KANSAS v. A. E. IRELAND.

No. 14,571.   (83 Pac. 1036.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Verdict—Sufficiency.*  Under section 239 of
the code of criminal procedure (Gen. Stat. 1901, § 5684), a
verdict is sufficient which finds defendant guilty of the prin-
cipal acts that constitute the offense and then states the
section of the crimes act in which the offense is defined, so
that the court can determine from the verdict the grade or
character of the offense.

2. ———— *Murder and Manslaughter Defined.*  Neither murder
nor manslaughter is defined by the statutes of Kansas.
These terms, as used in the crimes act, have the same mean-
ing as at common law.  Murder is the unlawful killing of a
human being with malice aforethought.  Manslaughter is
the unlawful killing of a human being without malice.

3. ———— *Instruction Defining an Offense—Words of Statute
Not Imperative.*  It is no objection to an instruction defining

an offense that the exact words of the statute are not used, where the instruction in plain language defines the offense and states the essential elements thereof.

4. ——— *Prosecution for Assault—Instructions—Homicide.* In a prosecution under sections 38 and 42 of the crimes act (Gen. Stat. 1901, §§ 2023, 2027), where the jury are instructed in regard to murder and manslaughter, it is unnecessary to instruct upon the different degrees of murder or manslaughter.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed November 11, 1905. Affirmed.

*C. C. Coleman,* attorney-general, and *W. D. Kreamer,* county attorney, for The State; *Torrance & Bloss,* and *William R. Smith,* of counsel.

*C. T. Atkinson,* and *Frank L. Mulholland,* for appellant.

The opinion of the court was delivered by

PORTER, J.: A. E. Ireland was convicted in the district court of Cowley county of assaulting, beating and wounding one Harrity. He was sentenced to six months in the county jail, and appeals. The information charged in substance that defendant did unlawfully and feloniously, on purpose, and of malice aforethought, with a deadly weapon, to wit, a large and heavy rock, assault, beat and wound J. D. Harrity with intent to kill. This was a charge under section 38 of chapter 31 of the General Statutes of 1901. The verdict of the jury was as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find the defendant, A. E. Ireland, guilty of assaulting, beating and wounding J. D. Harrity, thereby endangering his life, with a rock, as charged in the information, without design to effect death and without malice aforethought as charged in the information, under section 42 of chapter 31 of the statutes of the state of Kansas."

It is only necessary to consider four of the specifica-

tions of error.  The first, which is the main contention
of appellant, is that the verdict is insufficient to sup-
port a judgment.  It is urged that the jury failed to
specify in the verdict the degree of the offense of
which they found appellant guilty, as required by sec-
tion 239 of the code of criminal procedure, which reads
as follows:

"Upon the trial of any indictment or information
for any offense, where by law there may be conviction
of different degrees of such offense, the jury, if they
convict the defendant, shall specify in their verdict
of what degree of the offense they find the defendant
guilty."  (Gen. Stat. 1901, § 5684.)

The case of *The State v. Scarlett,* 57 Kan. 252, 45
Pac. 602, is relied upon.  In that case the verdict made
no reference to any section of the crimes act, and did
not attempt to state any of the elements of the of-
fense of which the jury found defendant guilty.  The
portion of the verdict in that case material to consider
was in these words: "Do upon our oaths find the de-
fendant guilty as charged in the second count of the
information."  That count of the information was
under section 42 (Gen. Stat. 1901, § 2027), which in-
cludes assault and battery and simple assault, and this
court held that the verdict was insufficient.

The case of *The State v. O'Shea,* 59 Kan. 593, 53
Pac. 876, is cited by appellant.  The verdict there was
in these words: "Guilty of an assault with a deadly
weapon with intent to kill, as charged and set forth in
the information."  This court said:

"The requirement of section 239 of the criminal
code that the jury shall specify in their verdict of
what degree of the offense they find the defendant
guilty has caused very nice and embarrassing ques-
tions to arise in a number of cases; but it may now be
deemed the law of this state, well settled by a line of
decisions, that the degree of offense of which the con-
viction is had must be determined from the verdict
itself, and that the addition of the words 'as charged
and set forth in the information' is insufficient to
show that the jury intended to find the defendant

guilty of every element of the principal crime charged in the information." (Page 596.)

In the opinion (page 597) the court refers especially to the failure of the verdict to "state either that the acts were done on purpose or of malice aforethought. To constitute the crime defined by section 39 these elements are essential." It is a fair inference from the foregoing that the court would have held the verdict in that case sufficient if it had stated all the essential elements that constitute the offense of which defendant was found guilty so that the degree of the offense could have been determined from the verdict itself.

In the present case the jury have stated the acts done which constitute the offense, and, in further aid of their verdict, have specified the section of the crimes act in which the offense is defined, so that the court is enabled to determine from the verdict itself the grade or character of the offense of which defendant was found guilty. Thus the object of the requirement of section 239, supra, is fully satisfied, and the verdict is sufficient.

Next we shall consider the errors complained of in reference to the instructions. The record in this case comprises almost 500 pages, and includes for some inscrutable reason much of the proceedings upon a previous trial, in December, 1904, where the jury disagreed, including many pages of affidavits for a continuance and all the instructions of the court upon that trial. The case was retried in March, 1905. The instructions upon the last trial take twelve pages of the record. The offense charged was an assault with a deadly weapon with intent to kill, under section 38 of the crimes act. (Gen. Stat. 1901, § 2023.) The court instructed fully under that section, and, also, under sections 42 and 43 (Gen. Stat. 1901, §§ 2027, 2028), defined murder and manslaughter and manslaughter in the first and fourth degrees, informing the jury that manslaughter in either the second or

third degree did not apply, gave careful definitions of all the terms used in the three sections referred to, and the usual instructions in criminal cases, but appellant insists that there were not instructions enough. He urges that the court committed prejudicial error in refusing to instruct in reference to the second and third degrees of manslaughter; that these are included in, and are inferior to, the offense charged in the information; and that he was entitled to instructions upon these degrees.

It is the duty of the court to instruct the jury in regard to the law applicable to the facts in the case. (*The State v. Ryno,* 68 Kan. 348, 74 Pac. 1114, 64 L. R. A. 303.) The defendant was convicted under section 42, which reads as follows:

"If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned shall, in cases not otherwise provided for, be punished by confinement and hard labor not exceeding five years, or in a county jail not less than six months." (Gen. Stat. 1901, § 2027.)

This section makes no reference to any degree of murder nor to any degree of manslaughter. It might have defined an offense which, should death ensue, would amount to murder in the first or second degree, and an offense which under other circumstances, if death should ensue, would amount to manslaughter in any of the four degrees, as defined in previous sections. But it does not do this. It provides that if certain things occur under certain circumstances, "which would constitute murder or manslaughter if death had ensued," the person guilty shall "be punished by confinement and hard labor not exceeding five years, or in a county jail not less than six months." Neither murder nor manslaughter is de-

fined under our crimes act or by any statute. Section 6 (Gen. Stat. 1901, § 1991) provides that "every murder which shall be committed" by certain means "shall be deemed murder in the first degree," and in section 7 (Gen. Stat. 1901, § 1992) it is provided that "every murder which shall be committed" by certain other means "shall be deemed murder in the second degree." And so manslaughter in the first, second, third and fourth degrees is defined, but nowhere in the statutes is murder or manslaughter defined.

While this court has said there are no common-law crimes in Kansas (*The State v. Young,* 55 Kan. 349, 356, 40 Pac. 659), we must look to the common law for the definition of the words "murder" and "manslaughter," as used in the crimes act, when standing alone. Neither defines a crime of itself under our statutes, but nevertheless each word has a well-known meaning. "In this state, the provisions of the common law remain in force in aid of the general statutes of the state." (*Ætna Life Ins. Co. v. Swayze, Adm'x,* 30 Kan. 118, 122, 1 Pac. 36.) When the celebrated case of *Commonwealth v. Webster,* 59 Mass. 295, 52 Am. Dec. 711, was tried these terms had not been defined by the statute of Massachusetts, and Chief Justice Shaw said: "For these, we resort to that great repository of rules, principles and forms, the common law."

"Murder . . . is the voluntarily killing any person . . . of malice prepense or aforethought, either express or implied by law." (1 East's Crown Law, ch. 5, § 2.) The American authorities usually define it as the unlawful killing of a human being with malice aforethought, express or implied. Manslaughter is the unlawful killing of a human being without malice, express or implied. (*Commonwealth v. Webster,* 59 Mass. 295; 21 A. & E. Encycl. of L. 131, 171.) In the common parlance of criminal law the words "express or implied" are usually omitted in both definitions.

There was no necessity in this case for any instruction in reference to any of the degrees of murder or manslaughter. The court defined murder and manslaughter, and all that was given in addition could not have prejudiced appellant. He was convicted under section 42 of an offense which, if death had ensued, would have amounted to a lesser grade of offense than those upon which he complains the jury were not instructed.

It is urged, however, that the instruction given by the court upon manslaughter in the fourth degree does not accord with the definition of that crime in sections 26 and 27 (Gen. Stat. 1901, §§ 2011, 2012). The court defined it as follows:

"Manslaughter in the fourth degree consists in the unlawful killing of a human being, without design to effect death and without malice aforethought, by an unlawful act of a dangerous character."

Another instruction said:

"Or, if the defendant assaulted, beat and wounded J. D. Harrity with a rock, as charged in the information, and thereby endangered his life, and without a design to effect the death of Harrity, then such facts would have constituted the offense of manslaughter in the fourth degree, had the death of the said Harrity resulted therefrom."

Appellant claims that instead of these the court should have given sections 26 and 27 of the crimes act, which read as follow:

"The involuntary killing of another by a weapon, or by means neither cruel nor unusual, in the heat of passion, in any cases other than justifiable homicide, shall be deemed manslaughter in the fourth degree.

"Every other killing of a human being, by the act, procurement or culpable negligence of another, which would be manslaughter at the common law, and which is not excusable or justifiable, or is not declared in this article to be manslaughter in some other degree, shall be deemed manslaughter in the fourth degree." (Gen. Stat. 1901, §§ 2011, 2012.)

The jury might have difficulty in understanding some of the language of section 27, while the charge of the court is not susceptible of misconstruction and states the necessary elements of the offense. It is not necessary, nor is it always the better plan, in defining an offense, to use the exact words of the statute, if the court in plain language defines it, omitting none of the essential elements thereof.

It is contended further that inasmuch as the jury by their verdict found that the assault was "without design to effect death and without malice aforethought" they necessarily must have acquitted appellant of any intent. That intent is of the essence of crime is elemental, and counsel hardly needed to cite so many authorities upon that proposition. But the jury found defendant guilty of the offense of an assault, and thereby necessarily found him guilty of the intent to commit that offense. The finding that it was without malice aforethought and without design to effect death did not acquit him of all intent.

The appellant also claims that the verdict is contrary to the evidence. We have examined the record and find that it contains abundant evidence that appellant assaulted Harrity, and struck him upon the back of the head with a rock as large as a man's fist, wounding and staggering him. The blow was a severe one, and was struck while Harrity was standing with his back to appellant, not expecting an attack, and without provocation or warning. The jury inspected and examined the rock, and found that the assault did endanger the life of Harrity, and we cannot weigh the testimony or disturb their finding. The judgment is affirmed.

All the Justices concurring.