No. 19,823.

THE STATE OF KANSAS, *Appellee*, v. C. S. W. MILLER, *Appellant*.

SYLLABUS BY THE COURT.

1. PRISONER—*In Lawful Custody of Officer—Escaping—Information Sufficient.* An information under section 182 of the crimes act (Gen. Stat. 1909, § 2674) which charges that the defendant, being lawfully committed to the county jail on a commitment issued by a justice of the peace based on a judgment rendered and sentence imposed upon a plea of guilty to an offense, and being lawfully in charge of a deputy sheriff, while being committed lawfully to jail on such commitment, did unlawfully break away and escape from such officer, is held sufficient.

2. INFORMATION—*Proper Verification by County Attorney.* It is proper for a county attorney to verify an information positively when he is able to do so, and the failure to add his official title to his signature is immaterial.

The State v. Miller.

3. FORM OF SENTENCE—*Under Indeterminate-sentence Act.* A sentence under the indeterminate-sentence act need not specify the minimum or maximum of punishment provided by law for an offense.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed April 10, 1915. Affirmed.

*Frans E. Lindquist,* of Kansas City, Mo., for the appellant.

*S. M. Brewster,* attorney-general, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant seeks to appeal from a sentence entered upon his plea of guilty to an information which charged that he "did unlawfully and feloniously break away and escape from one Elmer Pitser, and said Elmer Pitser being then and there a deputy sheriff in said state, and being lawfully in charge of said C. S. W. Miller, he the said C. S. W. Miller being then and there lawfully committed to the county jail of Neosho county, Kansas, on a commitment issued by Justice of the Peace F. M. Groome, of Chanute, in said county and state, said commitment being theretofore issued on a judgment rendered and sentence imposed upon a plea of guilty entered in said court by said C. S. W. Miller to a charge of obtaining money under false pretenses, and said C. S. W. Miller while being committed lawfully to jail on said commitment did unlawfully break away and escape from said Elmer Pitser . . ." It is asserted that the information failed to state an offense; that it was not properly signed; that the sentence was void because no minimum period of imprisonment was designated.

Section 182 of the crimes act (Gen. Stat. 1909, § 2674) makes it a crime for any person confined in any county jail upon conviction for any criminal offense, or held in custody going to such jail, to break such prison or custody and escape therefrom. It is argued

that there is no sufficient charge of lawful custody and that the use of the word "lawful" was merely a conclusion. The information does charge, however, that the defendant had been lawfully committed to the county jail on a commitment issued by a justice on a judgment rendered upon a plea of guilty to the charge of obtaining money under false pretenses, and that while being lawfully committed to jail on such commitment he broke away and escaped from the deputy sheriff in whose charge he was. The fair meaning of this is that the deputy sheriff was taking him to jail on the commitment mentioned and that while in his custody in that capacity the defendant escaped. The case of *The State v. Hollon,* 22 Kan. 580, is cited. In that case the information set out a copy of the sentence and alleged that while in the lawful custody of the sheriff under and by virtue of the sentence as entered of record and while going to the penitentiary under and by virtue of such sentence the defendant escaped, and the information was held bad because it did not allege that the sheriff had a certified copy of the sentence as required by section 256 of the criminal code, and it was said that the lawful custody mentioned in the information appeared to have been founded upon nothing but a general authority given by law to sheriffs with proper papers to hold criminals in custody and the judgment against the defendant as recorded, and that "It would seem that the sheriff did not have any paper of any kind with which or by which to hold the defendant in custody." (p. 584.) Here the charge was not under section 179 of the crimes act (Gen. Stat. 1909, § 2671), but under section 182 which uses the expression "custody" while the former section uses the words "lawful custody."

It is complained that the information was signed by the county attorney without the addition of his official title and was verified by him positively. The latter was entirely proper and the former immaterial.

The statute (Crim. Code, § 272a) provides that the court imposing the sentence shall not fix the limit or duration of the sentence, "but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law for the crime for which the person was convicted and sentenced." In the case *In re Howard*, 72 Kan. 273, 83 Pac. 1032, it was said that "Under the indeterminate-sentence act the law, not the court, says what the duration of punishment shall be." (p. 277; *In re Horning*, 81 Kan. 180, 184, 105 Pac. 23; *In re McLean*, 84 Kan. 852, 855, 115 Pac. 647.) However, the abstract contains as a judgment only a copy of the judge's notes. But treating this for the present purposes as a copy of the judgment, the sentence was proper.

This being true and no error appearing in respect to the information the judgment is affirmed.