No. 20,067.

*In re* ELMER HIGGINS, *Petitioner*.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Felonious Assault—Neither Verdict nor Judgment is Void—Petitioner Remanded.* A verdict rendered in a prosecution under section 42 of the crimes act (Gen. Stat. 1909, § 2530) that: "We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the defendant guilty of assaulting and wounding George V. Jackson under circumstances which would have constituted murder or manslaughter if death had ensued, under Paragraph 2530 of the General Statutes of Kansas 1909, in manner and form as charged in the information," is not so indefinite and defective because of failure to specify the degree of the offense as to be void.

2. SAME. Nor is the commitment or judgment void because the court instead of stating specifically the maximum and minimum penalties in the indeterminate sentence rendered adjudged that the imprison-

ment should be not less than the minimum nor more than the maximum provided in section 42 of the crimes act for the offense of which the defendant was convicted.

Original proceeding in habeas corpus.   Opinion filed July 10, 1915.   Writ denied.

*Benjamin F. Endres,* of Leavenworth, for the petitioner; *James Sherman Medill,* of Leavenworth, of counsel.

*S. M. Brewster,* attorney-general, for the respondent; *James P. Coleman,* assistant attorney-general, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Elmer Higgins, the petitioner, who alleges that he is illegally imprisoned, was prosecuted under section 42 of the crimes act (Gen. Stat. 1909, § 2530) and the verdict returned was:

"We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the defendant guilty of assaulting and wounding George V. Jackson under circumstances which would have constituted murder or manslaughter if death had ensued, under Paragraph 2530 of the General Statutes of Kansas 1909, in manner and form as charged in the information."

The judgment of the court, after reciting the findings of the jury, was that:

"Elmer Higgins be taken hence to the county jail of Chautauqua county by the sheriff of said county; thence to the penitentiary of the state of Kansas and there be confined at hard labor for a period of not less than the minimum and not more than the maximum as provided for offenses in section 2530 of the General Statutes 1909, Kansas."

The recitals in the commitment are substantially the same as those in the entry of judgment.

In behalf of the petitioner it is contended that the verdict is defective in that the jury failed to sufficiently specify the degree of the offense of which they found him guilty.   The statute, in effect, provides that in a conviction of an offense of which there are different degrees the jury shall specify in their verdict the degree of the offense of which the defendant is found guilty.   (Crim. Code, § 239.)   It has been held that several degrees are included in the offense of which the petitioner was convicted, and that assault and battery and simple assault are degrees of that offense.   (*The State v. Scarlett,* 57

Kan. 252, 45 Pac. 602.)   In their verdict the jury undertook to specify the degree of the offense, and with some detail attempted to point out the elements of the offense of which they found the petitioner guilty.   The section of the crimes act upon which the conviction rested was designated.   The verdict shows that the petitioner was found to be guilty of having assaulted and wounded George V. Jackson and to have done so under circumstances that would have constituted murder or manslaughter if death had ensued.   The assaulting and wounding of the victim having been committed under the circumstances mentioned, the inferior offenses of assault and battery and simple assault are necessarily excluded.   The verdict might have been made. more specific if the jury had said whether the assaulting and wounding of Jackson would have amounted to murder or only to manslaughter if death had ensued.   The specification of the degree of an offense in a verdict is to enable the court to assess the punishment which the statute prescribes.   The punishment prescribed for the offense in question is the same whether the wounding or other prohibited act amounts to murder or only to manslaughter.   While there are degrees of murder and manslaughter with different penalties affixed, the grade of the offense of maiming or wounding or disfiguring or inflicting great bodily harm or endangering the life of another under circumstances which would constitute murder or manslaughter if death had ensued is the same regardless of whether it would constitute murder or manslaughter if death had resulted, and the punishment for any of these acts is the same in either event.   Viewed in the light of the punishment prescribed by the section, there is but one degree of the offense above that of assault and battery.   Section 42 does not in terms separate the offenses therein defined into degrees, but as every maiming, wounding and other acts therein condemned necessarily includes assault and battery, or simple assault, those offenses have been held to be degrees of the defined offense, but it has never been held that there are any degrees other than these.   (*The State v. Scarlett*, 57 Kan. 252, 45 Pac. 602.)   All that is necessary to determine at this time, and in fact all that we are warranted in deciding in this proceeding, is whether the verdict is so indefinite or defective as to be absolutely void, and obviously it is not.   Errors can not be reviewed nor irregularities cor-

rected in a habeas corpus proceeding. If it be granted that the verdict should have stated whether the offense would have been murder or manslaughter if death had·resulted from the unlawful attack the defect would still have been no more than an error. (*In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331; *In re Nolan,* 68 Kan. 796, 75 Pac. 1025; *The State v. Ireland,* 72 Kan. 265, 83 Pac. 1036; *In re Mooney,* 89 Kan. 690, 132 Pac. 217.) The court had jurisdiction to try the petitioner for the offense of which he was charged. It is not questioned that the information sufficiently set forth an offense under section 42 of the crimes act. The jury, in their verdict, undertook to state the elements of the offense of which they found the petitioner guilty, and did so with such detail and particularity that the court was able to determine from the verdict itself the punishment to be assessed and the judgment to be entered against him. The petitioner calls attention to a number of cases wherein the.jury failed to specify the degree or elements of the offense of which the defendants were found guilty, so that the court was unable to fix the sentence or assess the punishment of the law. These verdicts were held to be nullities and the judgments rendered thereon to be void, but the verdict in this case does not fall within the rule invoked and applied in those cases. The verdict here, if defective, is not void, and if there be defects they are such as can not be reviewed or corrected on habeas corpus. It may be said that the judgment in this case was rendered on December 1, 1914, and if there were irregularities or errors in the proceedings in the trial there is still time and opportunity to have them reviewed on appeal.

There is a further contention that the commitment is void in that it does not state the maximum and minimum periods of petitioner's imprisonment. · It provides, as we have seen, that his imprisonment shall be for a period not less than the minimum nor more than the maximum provided for offenses in section 2530 of the General Statutes of 1909. Under an indeterminate sentence the law and not the court fixes the duration of the punishment. It is provided that the maximum and minimum punishment for the offense defined in the section in question shall be not more than five years nor less than six months in the county jail. With the statute as a guide neither the warden of the prison nor the petitioner himself

will have any difficulty in ascertaining the limits which the legislature has prescribed. (*The State v. Miller,* 95 Kan. 310, 147 Pac. 844.)

Neither the verdict nor the commitment or judgment can be held to be void, and therefore the petitioner must be remanded.