No. 25,505.

THE STATE OF KANSAS, *Appellee,* v. CARL BOYLE, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Burglary in Second Degree Under R. S. 21-520 Does Not Include a Charge of Burglary in a Minor Degree.* A charge of burglary in the second degree under section 21-520 of the Revised Statutes does not include a charge of burglary in the third degree under section 21-521, nor a charge of burglary in any degree under any other section of the crimes act.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed November 8, 1924. Affirmed.

*E. F. Murphy E. E. Euwer,* both of Goodland, and *C. B. Randall,* of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, and *George D. Freeze,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of petty larceny and of burglary in the second degree.

The information charged that the defendant did "unlawfully, feloniously and burglariously break into and enter, in the night-time, a certain store building, to wit, the store building of one G. H. Garrett, situate on Main street in the city of Goodland, county and state aforesaid, by forcibly opening the outer door of said store building, with intent certain goods, wares or merchandise, or other valuable thing then and there being kept or deposited as the property of the said G. H. Garrett, unlawfully, feloniously and burglariously to steal, take and carry away; and one shotgun, two thermos bottles, one toilet set, one traveling bag, and one roll of shelf oil-cloth, all of the value of fifty dollars ($50), of the personal goods and chattels of the aforesaid G. H. Garrett, in the said store building then and there being, did unlawfully, feloniously and burglariously take, steal and carry away."

There were two verdicts returned by the jury, one in response to the charge of burglary and the other in response to the charge of larceny. The one concerning burglary was as follows:

"We, the jury, impaneled and sworn in the above-entitled case, do upon oaths find for the defendant, Carl Boyle, guilty of the crime of burglary, and that said crime was committed at the time, place and in the manner and form as charged in the information herein."

The judgment recites that the defendant was sentenced "to the penitentiary of Kansas, at Lansing, Kansas, for the crime of burglary in the second degree as charged in the information and defined in section 3436 of the 1915 General Statutes of Kansas, for an indeterminate time, there to be confined at hard labor, until discharged according to law."

The defendant contends that three degrees of burglary were charged in the information, and that he could have been convicted of any one of them if the evidence had warranted. For that reason he argues that the verdict was erroneous in that it did not state the degree of burglary of which he was found guilty. If the information charged different degrees of burglary the judgment was erroneous and a new trial must be granted. (*The State v. Reddick,* 7 Kan. 143; *The State v. Huber,* 8 Kan. 447; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414; *The State v. Treadwell,* 54 Kan. 513, 38 Pac. 813; *The State v. Scarlett,* 57 Kan. 252, 45 Pac. 602; *The State v. O'Shea,* 59 Kan. 593, 53 Pac. 876; *The State v. Heth,* 60 Kan. 560, 57 Pac. 108.)

Was there more than one degree of burglary charged in the information? The statutes concerning burglary are sections 21-513 to 21-526, inclusive, of the Revised Statutes. Section 21-513 to 21-519, inclusive, concern burglary in a dwelling house. The information filed in this case did not charge burglary in a dwelling house. Therefore those sections are eliminated. Section 21-522 restricts the meaning of burglary in a dwelling house. Section 21-523 prescribes the punishment for burglary in the different degrees. Section 21-524 concerns prosecution for both burglary and larceny committed at the same time. Section 21-525 concerns burglary with explosives, and section 21-526 prescribes the punishment for burglary with explosives. This eliminates all the sections of the statute concerning burglary except sections 21-520 and 21-521. Section 21-520 reads:

"Every person who shall be convicted of breaking and entering in the nighttime—First, any building within the curtilage of a dwelling house, but not forming a part thereof; or, second, any shop, store, booth, tent, warehouse, or other building, or any boat or vessel, in which there shall be at the time some human being, or any goods, wares, or merchandise, or other valuable thing kept or deposited; or, third, any passenger coach, baggage, freight or express car, caboose or other railway carriage in this state, with the intent to steal or commit any felony therein, shall on conviction be adjudged guilty of burglary in the second degree."

This is the statute under which the information in this case was

drawn, and does not charge burglary under any other statute unless it be under section 21-521, which reads:

"Every person who shall be convicted of breaking and entering in the daytime any dwelling house or other building, or any shop, store, tent, booth, boat or vessel, or any passenger coach, baggage, freight or express car, caboose, or other railway carriage, under such circumstances as would have constituted the offense of burglary in the second degree if committed in the nighttime, shall be deemed guilty of burglary in the third degree."

Section 21-520 concerns burglary in the nighttime; section 21-521 concerns burglary in the daytime.

In *The State v. Behee,* 17 Kan. 402, this court said:

"Burglary in the nighttime, as defined by section 63 of the act relating to crimes and punishments, does not include burglary in the daytime as defined by section 69 of the same act.

"Upon an information or an indictment for an offense consisting of different degrees, the jury can only find the defendant guilty of a degree inferior to the one charged when the facts constituting the offense stated include the lesser offense.

"Where a defendant is charged in an information with the commission of the crime of burglary in the second degree, and in the nighttime, under section 63 of the act relating to crimes and punishments, a verdict that the defendant is guilty of burglary in the third degree is error, and will be set aside on appeal to the supreme court."

So far as this case is concerned, section 63 of the act relating to crimes and punishments mentioned in *The State v. Behee* is the same as section 21-520 of the Revised Statutes, and section 69 of that act is the same as section 21-521 of the Revised Statutes. *The State v. Behee,* supra, is therefore a declaration of this court that a charge of burglary under section 21-520 does not contain a charge of burglary under section 21-521. It follows that the information charged only one offense of burglary, and the defendant could not have been properly convicted of any other offense. When the jury returned a verdict of "guilty of the crime of burglary, and that said crime was committed at the time, place and in the manner and form as charged in the information," the jury returned a verdict convicting the defendant of burglary in the second degree under section 21-520 of the Revised Statutes, the section that appears as section 3446 of the General Statutes of 1915, referred to in the judgment of the court.

No argument is made concerning the conviction for petty larceny, and that matter need not be further noticed.

The judgment is affirmed.