State v. Danley.

---

No. 27,473.

THE STATE OF KANSAS, *Appellee*, v. H. J. DANLEY, *Appellant*.

(263 Pac. 1051.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Instructions—Directing Attention to Particular Facts.* On the trial of a criminal action, it is not error to refuse to give a special instruction requested by the defendant directing attention to a particular fact disclosed by the evidence and stating to the jury that it may take that fact into consideration, where it is not shown that the court did not tell the jury to consider all the evidence in determining the guilt or innocence of the defendant.

2. HOMICIDE—*Instructions—Distinguishing Between Murder and Manslaughter.* On the trial of a person charged with unlawfully, feloniously, on purpose, and with malice aforethought, shooting at another with a loaded revolver with intent to kill the person shot at, where the information is drawn under section 21-431 of the Revised Statutes, it is not reversible error for the court to fail to point out the distinction between murder and manslaughter, where the court instructs the jury concerning the essential difference between

---

Criminal Law, 16 C. J. p. 1024 n. 86; 17 C. J. p. 176 n. 74. Homicide, 30 C. J. pp. 427 n. 7, 447 n. 57. Instructions, 12 L. R. A. n. s. 935; L. R. A. 1916D, 610; 14 R. C. L. 741, 759, 761.

sections 21-431 and 21-435 of the Revised Statutes, and the jury returns a verdict of guilty of endangering the life of the person shot at under such circumstances as would have constituted murder or manslaughter if death had ensued, as defined by section 21-435.

3. Same—*Verdict—Definiteness.* A verdict which finds a defendant guilty of "endangering the life of one J. A. Urban under circumstances which would constitute murder or manslaughter if death had ensued, as defined by section 21-435, Revised Statutes of Kansas of 1923, as charged in the information," is not so indefinite and uncertain that it cannot be upheld.

4. Same—*Instructions as to Lesser Degree of Offense—Evidence.* On the trial of a criminal action, it is not error for the court to fail to instruct concerning a lesser degree of offense included in the charge in the information where there is no evidence to justify such an instruction.

Appeal from Clark district court; Karl Miller, judge. Opinion filed February 11, 1928. Affirmed.

*H. R. Daigh,* of Ashland, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *H. G. Mayse,* county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant was prosecuted for unlawfully, feloniously, on purpose, and of his malice aforethought, assaulting J. A. Urban with a pistol by shooting at J. A. Urban with the intent to kill him. He was convicted of endangering the life of J. A. Urban under circumstances which would have constituted murder or manslaughter if death had ensued, as defined by section 21-435 of the Revised Statutes. The defendant appeals.

1. The defendant complains of the failure of the court to give the following requested instruction:

"You are instructed that you may take into consideration, the fact, if you believe it to be a fact, that the said J. A. Urban was not in range of the gun when fired, in determining whether or not the defendant intended to kill the said J. A. Urban."

If the instruction was pertinent, the circumstances referred to in it must have been disclosed by the evidence. The court must have told the jury to consider all the evidence for the purpose of determining the guilt or innocence of the defendant. The abstract does not disclose that such an instruction was not given. If it was given, and it must be presumed that it was, it was not error to fail to give the requested instruction. To have given that instruction would

have violated the rule declared in *A. T. & Santa Fe Rld. Co. v. Retford*, 18 Kan. 245, where the court said:

"It is often unwise for a trial court to select a single circumstance from the evidence, and thereupon found a special and separate instruction to the jury. Such action may cause a misdirection to the jury, and be considered substantial error, although the instruction itself is not clearly erroneous." (Syl. ¶ 1. See, also, *Head v. Dyson*, 31 Kan. 74, 1 Pac. 258.)

2. Complaint is made that the court in the instructions did not specifically point out the distinction between murder and manslaughter. The defendant in his brief says that the court defined assault, malice aforethought, on purpose, deadly weapon, manslaughter, and assault and battery, and instructed the jury on the essential difference between sections 21-431 and 21-435 of the Revised Statutes. Section 21-431 is the section under which the defendant was prosecuted. Section 21-435 is the section under which he was convicted. The charge under section 21-431 included the crime defined in section 21-435. When the court defined the terms mentioned above and instructed the jury concerning the essential difference between those two statutes, the jury was told all that was necessary for it to know in order to draw the distinction between the two statutes. It does not appear that any instruction of the kind or character mentioned was requested by the defendant. There does not appear to have been any error committed in this respect.

3. It is urged that the verdict was so indefinite and uncertain that it cannot be upheld. The verdict was as follows:

"We, the jury impaneled and sworn in the above case, do upon our oath find the defendant, H. J. Danley, guilty of endangering the life of one J. A. Urban under circumstances which would constitute murder or manslaughter if death had ensued, as defined by section 21-435, Revised Statutes of Kansas of 1923, as charged in the information."

In *In re Higgins*, 96 Kan. 332, 334, 150 Pac. 515, this court said:

"The verdict might have been made more specific if the jury had said whether the assaulting and wounding of Jackson would have amounted to murder or only to manslaughter if death had ensued. The specification of the degree of an offense in a verdict is to enable the court to assess the punishment which the statute prescribes. The punishment prescribed for the offense in question is the same whether the wounding or other prohibited act amounts to murder or only to manslaughter. While there are degrees of murder and manslaughter with different penalties affixed, the grade of the offense of maiming or wounding or disfiguring or inflicting great bodily harm or en-

dangering the life of another under circumstances which would constitute murder or manslaughter if death had ensued is the same regardless of whether it would constitute murder or manslaughter if death had resulted, and the punishment for any of these acts is the same in either event. Viewed in the light of the punishment prescribed by the section, there is but one degree of the offense above that of assault and battery. Section 42 does not in terms separate the offenses therein defined into degrees, but as every maiming, wounding and other acts therein condemned necessarily includes assault and battery, or simple assault, those offenses have been held to be degrees of the defined offense, but it has never been held.that there are any degrees other than these."

Under section 21-435 the punishment is the same for an act which would have amounted to murder as it would have been if it had amounted to manslaughter, had death resulted. It was not necessary for the jury to say whether the act would have been murder or manslaughter if death had ensued. The thing prohibited is the endangering of the life of another by act, procurement, or culpable negligence. The verdict was sufficiently definite in all particulars.

4. Complaint is made of the failure of the court to instruct concerning simple assault. It is not shown that such an instruction was requested. The facts disclosed by the evidence were that if an assault had been made, it was made by shooting, and if made by shooting and death had resulted, it would have been either murder or manslaughter. There was no excuse for the shooting. There was no evidence on which to base an instruction concerning simple assault. It was not error to fail to give such an instruction. In *State v. Mowry,* 37 Kan. 369, the court said:

"Instructions upon an offense inferior in degree and included in the one charged should not be given, unless there is some evidence tending to show that the defendant is guilty of such offense." (Syl. ¶ 5. See, also, *State v. Rhea,* 25 Kan. 576, 581; *State v. Estep,* 44 Kan. 572, 24 Pac. 986; and *State v. Hardisty,* 121 Kan. 576, 580, 249 Pac. 617.)

The judgment is affirmed.