514

No. 36,420

THE STATE OF KANSAS, *Appellee,* v. RAY HERSCHBERGER, *Appellant.*

(163 P. 2d 407)

Opinion filed November 10, 1945.

*W. H. Clark,* of Hoxie, was on the briefs for the appellant.

*A. B. Mitchell,* attorney general, *Leon W. Lundblade,* assistant attorney general, and *J. H. Jenson,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This is a companion case to that of *State v. Vinyard,* ante, p. 66, 159 P. 2d 493. Bill Vinyard and Ray Herschberger were charged jointly with larceny of two white-faced steers. The separate jury trials of both of the defendants resulted in verdicts of guilty. A statement of the general facts pertaining to the convictions of both the defendants is set forth in our opinion in the case of *State v. Vinyard,* supra. Consequently, we will· not review them again in this opinion except in such instances as the evidence may differ materially in the two cases and it becomes necessary to review it in considering asserted errors. The assignments of error are as follows: "(1) Court erred in refusing to grant a continuance and ordering defendant to go to trial. (2) Court erred in instructing jury. (3) Court erred in refusing to give requested instruction submitted to the court by defendant. (4) Court admitted illegal testimony against defendant. (5) Court erred in overruling motion for new trial. (6) Court erred in permitting witness with a deadly weapon, a revolver on him to over objection of defendant, testify, to material matters in this case. (7) Court erred in its rulings."

The first specification of error to the effect that the defendant should have been granted a continuance cannot be sustained be-

cause the statement contained in the affidavit as to what the absent witness would testify was admitted as the deposition of the absent witness and thereupon the defendant announced ready for trial. G. S. 1935, 60-2934, provides that if the adverse party consent, that on the trial, the facts alleged in the affidavit shall be read and treated as a deposition of the absent witness, no continuance shall be granted on the ground of the absence of such evidence. The journal entry clearly shows that compliance was made with the foregoing section, and therefore, the court did not err in proceeding in accordance with the statute.

Assignment of error No. 2, to the effect that instruction No. 1 is wrong, cannot be sustained because the argument is based upon a factual inaccuracy. The record clearly discloses that a preliminary hearing was held on November 10, 1944, at the conclusion of which the court found that the crime as charged in the complaint and warrant had been committed and there was probable cause to believe that the defendant in the present case and his codefendant committed such offense in Logan county, Kansas. The claimed error as to instruction No. 6 cannot be sustained because no complaint of the instruction was made at the time of the trial and the same instruction was approved in the case of *State v. Vinyard,* supra, for the reasons therein set forth. Assignment of error No. 3 is not supported by argument. We find no evidence in the record which compels the giving of any of the requested instructions. Our attention is particularly called to requested instruction No. 4. The substance of requested instruction No. 4 was covered in the court's other instructions. Requested instruction No. 4 obviously emphasized the theory of the defense to the effect that agents of the owners consented to the taking of the property. The court's instructions set forth that before the defendant could be found guilty the cattle must have been taken without the consent of the owner and with the intent to deprive the owner thereof permanently. The first paragraph of the syllabus in the case of *State v. Danley,* 125 Kan. 111, 263 Pac. 1051, reads as follows:

"On the trial of a criminal action, it is not error to refuse to give a special instruction requested by the defendant directing attention to a particular fact disclosed by the evidence and stating to the jury that it may take that fact into consideration, where it is not shown that the court did not tell the jury to consider all the evidence in determining the guilt or innocence of the defendant."

Under the instructions as given the attorney for the defendant could have, and probably did argue the theory of the defense elaborated and emphasized by requested instruction No. 4. The jury apparently did not believe the testimony offered by the defendant in support of the theory.

Counsel for the defendant stresses the point that the evidence in this case clearly shows that the defendant was the victim of an entrapment and that agents of the owners of the cattle aided in the detection of the crime and consequently, inferentially consented thereto. We have given careful consideration to the theory advanced by defendant's counsel. Before such a defense exonerates an accused, it must be shown that the owners, in furtherance of a conspiracy to entrap, consented to the taking of the property and that the defendant relied thereon. Unfortunately for the defendant, his own evidence may have warranted the jury in believing that no such consent was given. The defendant did not testify when apprehended that he thought he was taking property which belonged to the true owners, with their consent. The defendant's evidence was to a contrary effect. When the defendant and Vinyard were apprehended, one of them stated that they were attempting to haul some steers which belonged to a man by the name of Ware, not to Purvine and Surratt, who were the owners named in the information. In addition the testimony develops that the defendant signed two written statements. One of them set forth that Vinyard asked the defendant to haul the cattle for Vinyard and that he planned the theft. The other written statement contained the following: "I knew we were stealing the steers and we intended to butcher them. . . . This is the first time I ever stole any cattle. . . ." In view of such written statements, possibly it was difficult for the jury to believe that the defendant, even from implication, thought that he was hauling the cattle with the consent of the owners. Counsel for the defendant cites in support of the theory of the defense the case of *State v. Stickney*, 53 Kan. 308, 36 Pac. 714. As we read the case it is authority against the theory of the defendant. We quote from the cited case:

". . . The fact that Birchfield [the owner of the building] was willing to assist in and facilitate the detection and arrest of a criminal does not amount to a consent to the commission of the crime, nor will the mere fact that there was a detective with and apparently assisting appellant in the commission of the crime constitute a defense." (p. 311.)

We are unable to say as a matter of law that the theory of the defense was not presented under adequate and proper instructions. Consequently, assignment of error No. 3 cannot be sustained.

The defendant complains in assignment of error No. 4 of illegal testimony being introduced against the defendant. In support of such contention counsel for the defendant calls our attention to the fact that the county attorney, who prosecuted the defendant, was permitted to testify under oath that he wrote on a typewriter a statement, which was in the nature of a confession, signed by the defendant, and introduced as plaintiff's exhibit 2. The county attorney's testimony to such extent was cumulative as another witness had testified to the same effect. The county attorney proffered his testimony only after a question had arisen whether the last statement in the signed confession had been written before or after the defendant signed it. The county attorney later offered himself as a witness for the purpose of showing that the instrument had been in his possession at all times since it was signed and that it was typed in its entirety before the signing. The court sustained an objection to the last part of such proffered testimony. Consequently, it will be assumed that the jury disregarded it. Incidentally, the part of the statement in controversy was only to the effect that the statements above it were "just as right as the dickens and just as it was" and that the defendant made the statement of his own free will. So far as the record discloses there is no testimony on the part of the defendant that he did not sign the entire statement. Therefore, it can hardly be asserted that the reference to the part of the statement in any manner was prejudicial to the rights of the defendant. In support of the asserted error defendant's counsel cites the case of *State v. Ryan,* 137 Kan. 733, 22 P. 2d 418. Reference to such decision discloses that such case was not reversed because counsel for the state testified on a material disputed point but was reversed for other reasons. The opinion merely holds that it is better practice for a county attorney to withdraw from a case when it becomes necessary for him to testify to evidence which contradicts, in some particulars, the evidence of the defendant. We have read carefully the abstract of the defendant's testimony and it contains nothing to the effect that the last paragraph of the statement was not in it when he signed it. The defendant simply testified that he did not read any statements signed by him because he couldn't read without his glasses. Under such circumstances it seems to us that

whether the last part of the statement was in it at the time it was signed becomes immaterial.

Defendant's fifth assignment of error, to the effect that the court erred in overruling the motion for a new trial, has been abandoned. No argument appears in the brief to support it. The sixth assignment of error is that the court erred in permitting the witness to testify over the objection of the defendant when such witness was carrying a revolver on his person. The witness was the deputy or undersheriff of Logan county. He was the same officer who had arrested the defendant and testified that he had a gun on him the night of the arrest. He was asked whether he had the gun on his person at the time he was testifying and he replied in the affirmative, whereupon counsel for the defendant requested that the witness turn the gun over to the court. Following such request the court stated: "The court thinks the fears of counsel are entirely unfounded. Proceed." Counsel for the defendant then refused to proceed any further with their questioning of the witness, and the court then said: "Very well. Is the state through with the witness?" Defendant's counsel again insisted on their right to examine the witness but refused to do so until he was disarmed and the court further said: "The court doesn't think it is out of the way or improper in any sense of the word for an officer of the law, a peace officer, to take the witness stand with the usual arms or implements of defense on him." In support of their contention that the court's ruling was incorrect and its comments were prejudicial counsel for the defendant cites the case of *Hamilton v. Harrison,* 126 Kan. 188, 268 Pac. 119. The question whether a peace officer can testify properly with a gun on his person was not involved in the cited case. Certain comments made by the court in the cited case were considered and it was held that comments made by the court before the jury regarding the defendant's counsel, to the effect that such counsel was not acting in good faith and that the court was surprised that defendant's counsel made such an objection, were prejudicial. In the present case nothing of the kind occurred and the cited case does not support the contention made by defendant's counsel.

The final assignment of error, reading: "Court erred in its rulings," is really too vague to constitute an assignment of error and since there is no showing that any such possible trial errors were called to the attention of the court in the argument on the motion

'for a new trial, we cannot review them upon appeal. (See *State v. Woodman*, 127 Kan. 166, 272 Pac. 132, and *State v. Cross*, 144 Kan. 368, 59 P. 2d 35.) We have, however, considered the contention made by defendant's counsel, in arguing the assignment of errors, relative to a discrepancy appearing in the spelling of the name of one of the owners of the cattle. The record clearly shows that the identity of the owners did not confuse or mislead the defendant, or his counsel, in the preparation of his defense. There is no showing made that the defendant was prejudiced in any manner by any discrepancy in the name.

The judgment of the trial court is affirmed.