No. 38,653

THE STATE OF KANSAS, *Appellee*, v. SYLVESTER E. RAGLAND, *Appellant*.

(246 P. 2d 276)

Opinion filed July 3, 1952.

*Karl V. Shawver* and *Karl V. Shawver, Jr.*, of Paola, were on the briefs for the appellant.

*Milton P. Allen*, county attorney, argued the cause, and *Harold R. Fatzer*, attorney general, *Paul E. Wilson*, assistant attorney general, and *Robert B. Oyler*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant Ragland was tried on an information containing four counts charging rape. He was convicted on each count and appeals.

In view of the specifications of error it is unnecessary that we review the pleadings or the evidence in detail.

The first three counts charged that on separate days the defendant did "willfully, unlawfully and feloniously rape and ravish, by carnally and unlawfully knowing (name omitted), a female child under the age of 18 years, to-wit: Of the age of 13 years."

The fourth count charged defendant did "willfully, unlawfully, feloniously, and forcibly rape and ravish, by carnally and unlawfully knowing (name omitted), a female child under the age of 18 years, to-wit: Of the age of 8 years."

Upon arraignment defendant entered a plea of not guilty. At the trial there was evidence establishing the ages of the two females and tending to show perpetration of the offenses charged, and showing penetration into the body as required by G. S. 1949, 62-1417. Testifying in his own behalf defendant denied explicitly the commission of any of the acts charged and offered proof of alibi as to the first three counts.

The trial resulted in a verdict of guilty. Defendant's motion for a new trial was denied and he was sentenced to the penitentiary. In due time defendant appealed. In his abstract he specifies error in seven particulars which will be noticed, although not in the order presented by him.

Appellant's first specification of error is that the trial court erred in not giving his requested instruction that with respect to the fourth count defendant must have used force in committing the offense charged. In the instructions given, the jury was told that while the fourth count alleged the use of force, nevertheless it was not necessary for the state to prove the use of force. Other instructions advising the jury as to what constitutes rape need not be detailed. Appellant cites no authority in support of his contention. In *The State v. Hansford,* 81 Kan. 300, 106 Pac. 738, the court, after stating the question of use of force had been before the court in different forms, said:

"Sexual intercourse with a female under eighteen years of age constitutes the crime of rape (citing the statute). Whether the act is accomplished by force or with consent is immaterial." (l. c. 302.)

And held:

"Sexual intercourse with a female less than eighteen years of age constitutes rape as defined by section 2016 of the General Statutes of 1901, whether it is accomplished by force or with consent." (Syl. ¶ 3.)

Appellant's fourth specification of error also refers to the trial court's refusal to give his requested instruction as to the use of force, his argument being that the information charged use of force and his plea of not guilty made an issue, that under *State v. Cunningham,* 120 Kan. 430, 243 Pac. 1006, it was held that, in a prosecution upon a charge of murder where there was evidence tending to show the offense fell within one or more of the degrees of manslaughter, it was the imperative duty of the trial court, upon request, to state fully the law relating to the inferior degrees of the offense, and that in the instant case there was no instruction on the issue joined. The rule of that case is not controlling here. In addition to what has been said above, authorities are ample that use of force is immaterial where the offense, if any, is committed on a female under a stated statutory age. (75 C. J. S. 479; 44 Am. Jur. 913.)

We hold that with reference to the first and fourth specifications, there was no error.

Appellant's second specification of error, in its entirety, reads as follows:

"The court erred in instructing the jury that mere contact of the sexual organs of the male and female were sufficient to constitute the crime of rape and that penetration was not necessary. (6) We think it has been established that penetration is absolutely necessary. (*State v. Grubb,* 55 Kansas 678 [41 Pac. 951]; *State v. Cross,* 144 Kansas 368 [59 P. 2d 35].)"

The state points out, as is later noticed, that appellant's statement as to the instruction, is inaccurate.

In *The State v. Grubb,* supra, conviction was had on a charge of rape of a female under the age of eighteen years. There was no direct proof of sexual intercourse. All that was said in discussing the question of penetration was:

"II. The court, although using the term 'carnal knowledge' in the fourth instruction to the jury, did not anywhere define it, but in the fifth seemed to assume that evidence of 'actual contact of the sexual organs' was sufficient to warrant a conviction. Proof of actual penetration was necessary, and the jury ought to have been so informed. (Code, Crim. Proc., § 213; *The State v. Frazier,* 54 Kan. 719, 725, [39 Pac. 819]; 2 Bishop, Crim. Law, § 1127.)" (l. c. 680.)

What is said in *The State v. Frazier,* cited in the last mentioned case, does not assist in determining what is penetration.

In *State v. Cross,* supra, conviction was had for an attempt to commit rape.  It was there said, without further elaboration, that:

"It is well settled by the law of this state that to sustain a conviction of a charge of rape there must be proof of the actual penetration of the sexual organs (*State v. Grubb,* 55 Kan. 678, 41 Pac. 951; R. S. 62-1417);  . . ." (l. c. 368.)

We note also the provision of our criminal code that proof of actual penetration into the body shall be sufficient proof to sustain an information for rape (G. S. 1949, 62-1417) but neither the statute itself, nor any of the above decisions, nor any other of our decisions, attempts to define the term "penetration."

In 44 Am. Jur. 902, it is said:

"Penetration is necessary, according to all the authorities, to complete the crime of rape.  Even emission without penetration is not sufficient.  It has been held by some courts that there must be penetration of the female organ by the whole organ of the male, otherwise it is conatus; but the weight of authority, both English and American, is that although some penetration must be shown beyond a reasonable doubt, it need not be full penetration; nothing more than *res in re* being requisite.  While the private parts of the male must have entered at least to some extent in those of the female, the offense is committed if the male organ enters the labia of the female organ.  Rupture of the hymen is not necessary, although at one time this was deemed indispensable. It is not necessary to show that there was a laceration of the vagina, which usually results from a first-time copulation, especially with young girls."

In 75 C. J. S. 472, penetration is thus defined:

"Penetration means that the sexual organ of the male entered and penetrated the sexual organ of the female; mere actual contact of the sexual organs is not sufficient; and if the female is not sufficiently developed to admit of the slightest penetration there can be no carnal knowledge.  However, penetration to any particular extent is not required, and generally, sometimes by virtue of a statutory provision, which provision applies to all the subdivisions of the statute defining the offense, it is not necessary that the penetration should be perfect, the slightest penetration of the body of the female by the sexual organ of the male being sufficient; nor need there be an entering of the vagina or rupturing of the hymen, the entering of the vulva or labia being sufficient; but some degree of entrance of the male organ within the labia pudendum is essential."

We come now to a recital of what occurred at the trial.  Although there may have been some evidence from which a different conclusion was drawn, we are concerned now only with evidence which supports the jury's verdict, and without detailing it there was evidence warranting a conclusion that the defendant penetrated the

bodies of the girls to some extent—the girl named in the first three counts stating in substance that Ragland put his "dick" halfway in her, the girl named in the fourth count saying Ragland stuck his "rhubarb" in her; that it hurt and she told him to stop; that when it came out she was all wet. Although appellant requested six separate instructions, none of them remotely touched upon the proof of the degree of penetration sufficient to sustain a conviction, and when the trial court instructed the jury the appellant made no objection. We pause here to note that it is the duty of the trial court to charge the jury on all matters of law necessary for their information in giving their verdict (G. S. 1949, 62-1447) and that it is not necessary in order to predicate error thereon, that a defendant in a criminal action object to the giving of an instruction to the jury, if the instruction is clearly erroneous (*State v. Severns,* 158 Kan. 453, 148 P. 2d 488).

The instruction complained of stated:

"While some penetratrion of the female organs by the defendant's penis is necessary, nevertheless, it is not necessary to establish that the penis actually entered the body of the female. It is sufficient to establish penetration if there is contact between the sexual organs of the parties."

From a reading of the instruction, it can readily be seen that appellant's statement in his contention is not accurate.

No complaint could possibly be made as to the first clause of the first sentence, and while abstractly treated, the remaining part might seem inconsistent and that taken altogether, the instruction was ambiguous, it is to be remembered that the instruction was given in view of the evidence. That evidence, while warranting a conclusion that Ragland's penis was inserted halfway into one girl's organ and some less stated distance in the other's also contained some statements that the extent of penetration was perhaps less than the evidence most favorable to the state showed it to have been.

While the instruction could have been much better phrased and worded, it is open to the interpretation that penetration of less than the whole male organ was sufficient, or possible that penetration was sufficient if it brought the organs together so that the male organ entered the labia of the female, as the evidence disclosed, although concededly the latter was not stated in any explicit manner. We shall, however, not labor the exact meaning of the words "actual penetration" further nor debate whether our criminal code pro-

vision ( G. S. 1949, 62-1417 ) is to be interpreted as fixing a minimum of proof rather than declaring what shall be deemed sufficient proof.

Even though it be conceded that the instruction is subject to criticism on account of its form, or possibly erroneous when considered as a whole, we are not convinced that under the circumstances the giving of the instruction constituted prejudicial error. While it is true that appellant's plea of not guilty placed on the state the burden of proving every element necessary to establish his guilt, actually his defense did not consist in showing commission of a mere attempt, but was in substance an alibi as to the first three counts and a denial of all counts. When the instruction was given, he made no objection, and obviously he would not as to the first clause for it was as favorable to him as the authorities warrant. Any merit in the objection now made by appellant was evident at the time the instruction was given but he then said nothing and seemed willing to have the case go to the jury on the instruction as a whole. ( Cf. *The State v. Winters,* 81 Kan. 414, 105 Pac. 516.)

We are of the opinion that the error complained of was technical and did not affect the substantial rights of the appellant and that he is not entitled to a reversal on the ground just discussed. ( G. S. 1949, 62-1718. )

Appellant's fifth specification of error is that the trial court erred in its sentence for the various crimes. The contention is that the trial court erred in that the sentence should have been definite and was not and our attention is directed to *In re Howard,* 72 Kan. 273, 83 Pac. 1032, where different penalties for grand larceny were involved, to which defendant had pleaded guilty, and it was held by a divided court:

"A judgment and commitment to the penitentiary which recite only that the defendant pleaded guilty to a charge of grand larceny and that the court sentenced him 'to confinement and hard labor in the state penitentiary of the state of Kansas until discharged therefrom by due course of law' are both void for uncertainty.

"A judgment of imprisonment, to be valid, especially under the indeterminate-sentence law, must be so definite and certain in its terms that both the convict and the officer upon whom its execution devolves may know therefrom the term of imprisonment.

"Under an indeterminate sentence the law and not the court determines the duration of punishment, and the record of a conviction and sentence should set forth fully the name and degree of the crime of which the conviction was had; and, if different penalties attach to different classes of the same degree of the crime, the record should also disclose the particular set or class of which conviction was had." ( Syl. ¶¶ 1, 2, 3. )

In the later case of *The State v. Miller,* 95 Kan. 310, 147 Pac. 844, where a single offense with a single penalty was involved, it was held:

"A sentence under the indeterminate-sentence act need not specify the minimum or maximum of punishment provided by law for an offense." (Syl. ¶ 3.)

And see also *In re Higgins,* 96 Kan. 332, 150 Pac. 515, where it was held:

"Nor is the commitment or judgment void because the court instead of stating specifically the maximum and minimum penalties in the indeterminate sentence rendered adjudged that the imprisonment should be not less than the minimum nor more than the maximum provided in section 42 of the crimes act for the offense of which the defendant was convicted." (Syl. ¶ 2.)

We note, moreover, that by reason of Laws 1941, chapter 291, § 2, now appearing as G. S. 1949, 62-1516, the trial court, in rendering judgment in a criminal case, shall make an entry in the journal stating the offense charged and under what statute, and the sentence imposed and under what statute. The journal entry in the case at bar stated definitely and certainly that defendant be confined in the penitentiary until discharged by law for the crimes of rape set forth in the four counts and as defined by G. S. 1949, 21-424, the penalties for said crimes being defined by G. S. 1949, 21-424.

In our opinion the sentence was definite and certain and defendant's contention cannot be sustained.

Appellant's sixth specification of error is that the trial court's instruction No. 6 was erroneous because it distinguished between the crime charged in the fourth count from that charged in the first, second and third counts. This instruction advised the jury that if it was not satisfied as to defendant's guilt on the fourth count, he might be found guilty of an attempt to commit rape. Defendant had requested that six instructions be given the jury, but none of them covered the question of attempt to commit rape. When the instruction now complained of was given there was no objection to it, nor was there any request that it be expanded to cover all of the counts and there is now no complaint the instruction is erroneous, except that it referred only to the fourth count. We have examined not only the abstract and counter abstract but have reviewed the official transcript of the evidence and we discover no evidence that would have warranted an instruction of attempt to commit the rapes charged in the first three counts. Prejudicial error has not been made to appear.

Appellant's seventh specification of error is that there was no evidence that the crimes alleged were committed in Douglas county; that there was reference to 1300 New Jersey street, but that neither the district court nor this court can take judicial notice of the fact the above location is in Douglas county. Appellant has not seen fit to include in his abstract his motion for a new trial and we are not advised as to its contents. The state says in its brief the motion raised no issue as to venue nor was the question raised on the hearing of the motion. We shall not resolve that question. It is true no specific question was asked as to whether the above street address was in Douglas county. There was evidence that at the time the offense charged in the fourth count was committed the city police of Lawrence were called. One policeman was asked if he went to the Meis home in Lawrence, Kansas, and answered yes. Other witnesses located this home as 1300 New York street in Lawrence and within a block's distance of 1300 New Jersey street. Evidence as to the first three offenses was that they occurred in the rear yard of 1300 New York street. There is no doubt the evidence directly showed the offenses, if committed, were committed in Lawrence. That the trial court and this court will take judicial notice that the city of Lawrence is in Douglas county, there is no doubt. See *K. C. Ft. S. & G. Rld. Co. v. Burge,* 40 Kan. 736, 21 Pac. 589; *Olsburg State Bank v. Anderson,* 154 Kan. 511, 119 P. 2d 515; 31 C. J. S. 582 and 20 Am. Jur. 77. Appellant's contention that the state's proof failed to show the offenses were committed in Douglas county cannot be sustained.

In his third specification of error appellant contends the trial court erred in denying his motion for a new trial. Under this heading he makes reference to the question of instructions, which we have previously treated. He also makes some complaint that two typewritten notes were admitted in evidence but does not point out any error other than that they were not signed. The state's proof however showed that Ragland dropped the notes near one of the girls involved and that she picked them up. It was sufficiently shown that Ragland gave the notes to the girl. It was not necessary that they be signed in order to be admissible. Error in admission in evidence of the notes has not been shown.

Some complaint is made that one of the witnesses testified differently at the trial than she had at the preliminary examination, and that she had changed her testimony at the request of the state. It was fully brought out at the trial that she had testified differently;

that in parts her testimony was somewhat confused; that the state's attorney had not advised her further than to tell her to tell the truth. The jury heard all of the story and placed its own conclusion on it. The trial court heard the question on the motion for a new trial and denied the motion. The question of the weight to be given the testimony was for the jury. The trial court has approved its verdict, and, under the circumstances, that ends the matter.

Appellant's third specification of error cannot be sustained.

A review of the record satisfies us there was no prejudicial error against the appellant defendant, and that the judgment of the trial court should be, and it is, affirmed.

WEDELL and PRICE, JJ., dissent from paragraphs 1, 2 and 6 of the syllabus and corresponding parts of the opinion.