No. 52,511

STATE OF KANSAS, *Appellee,* v. THOMAS E. EVERSON, *Appellant.*

(626 P.2d 1189)

Opinion filed April 23, 1981.

*W. Fredrick Zimmerman,* argued the cause and was on the brief for the appellant.

*John J. McNally,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Nick A. Tomasic,* district attorney, and *Philip L. Sieve,* chief deputy district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict finding Thomas E. Everson (defendant-appellant) guilty of rape (K.S.A. 1980 Supp. 21-3502) and aggravated sodomy (K.S.A. 21-3506). The appellant contends the trial court erred in failing to instruct on the lesser included offense of sodomy, and in overruling a motion for mistrial. The appellant also contends the evidence was not sufficient to support the verdict finding him guilty on each count.

The twenty-two-year-old victim testified that late in the evening of November 9, 1979, she met a man named Gary Singleton at the Cosmos Disco Bar in Riverside, Missouri. When the bar closed in the early hours of November 10, the victim accepted Gary's invitation to go to a party. They left in Gary's car, and were accompanied by two black males and two black females. Both the victim and Gary were white. The appellant, Thomas E. Everson, drove Gary's car as the group proceeded into Kansas City, Kansas. The two black females and one of the black males were taken to their residences. During the ensuing three to four hours the victim, Gary, and the appellant stopped at two to three residences, ostensibly in an effort to locate a party. The victim

testified she was not afraid of Gary or the appellant, both of whom treated her nicely. She did become concerned as morning approached, and also because she heard the two men discussing a gun. When the victim thought she was finally being taken home, the appellant drove the car to a deserted area in Wyandotte County, known as Quindaro Park, or the Indian Cemetery. The victim testified that she was forced out of the front seat of the car at gunpoint, and ordered into the back seat. When she initially refused, the appellant fired a small pearl-handled gun toward her, but into the ground. She was forced to disrobe and was raped by the appellant. She was then forced to take the appellant's penis in her mouth as he held the gun to her head. Gary then forced her to engage in sexual intercourse with him. The victim testified that both men raped her twice. The victim was then returned to an area near her home where she got out of the car. The men left, and the victim called her mother, who took her to a local hospital where a rape examination was conducted. The victim provided the police with descriptions of the two men and details of the night's events. About one week later the victim picked Gary Singleton out of a police lineup. Four days later she picked the appellant out of a police lineup.

The appellant and Singleton were given separate trials. There were only two material disputed issues at the appellant's trial: (1) Whether the intercourse was consensual, and (2) whether the aggravated sodomy occurred. The appellant testified and admitted that both he and Gary Singleton engaged in sexual intercourse with the complaining witness. However, he claims that the intercourse was consensual and that neither he nor anyone else possessed a gun that evening. The appellant specifically denied sodomizing the complaining witness, either with consent or at gunpoint. The appellant testified the trio drove around and made several stops during the early morning hours. He claimed the trio smoked marijuana, ingested Valium, and drank alcohol much of that time. According to the appellant, the complaining witness engaged in sexual "petting" with Gary during most of the night; the purpose of the many stops was to locate a place for the complaining witness and Gary to spend the night. He testified the complaining witness was a willing participant with both men when they eventually arrived at the secluded Wyandotte County location.

The appellant first contends the trial court erred in failing to instruct the jury on the lesser included offense of sodomy. The trial court has an affirmative duty to instruct on all lesser included offenses required by the evidence even though not requested by the defendant. K.S.A. 21-3107(3). *State v. Amey,* 218 Kan. 369, Syl. ¶ 6, 544 P.2d 334 (1975). The duty to instruct on lesser included crimes arises only when there is evidence under which the defendant might have reasonably been convicted of the lesser crime. *State v. Prince,* 227 Kan. 137, Syl. ¶ 1, 605 P.2d 563 (1980); *State v. Taylor,* 225 Kan. 788, 793, 594 P.2d 211 (1979).

Here, the victim testified she was forced at gunpoint to engage in oral sex with the appellant. The appellant denied that any act of oral sex occurred, with consent or at gunpoint. Aggravated sodomy requires evidence of sodomy committed with force or threat of force, or where bodily harm is inflicted on the victim. K.S.A. 21-3506. The crime of sodomy as defined by the statute requires evidence of oral or anal copulation between persons who are not husband and wife or consenting adult members of the opposite sex. K.S.A. 21-3505.

The jury in this case was required on the evidence to find that either the victim was forced at gunpoint to engage in oral sex with the appellant, or that no act of oral sex occurred. The appellant and the victim were adult members of the opposite sex and they were not husband and wife. Thus, if the victim consented, no offense was committed; if she did not consent, the act was accomplished by force and the offense was aggravated sodomy. The jury found the act of oral sex was committed by force.

*On the evidence in this case,* it was proper for the trial court to refuse an instruction on sodomy. There was no evidence to support a finding of sodomy. *State v. Blue,* 225 Kan. 576, 580, 592 P.2d 897 (1979).

The appellant contends the verdict of the jury was contrary to the weight and sufficiency of the evidence produced at trial. In a criminal action where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard of review on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational fact finder could have found the defendant guilty beyond a reasonable doubt? *State v. Peoples,* 227 Kan. 127, 133, 605 P.2d 135 (1980), and cases cited therein. It is obvious the jury

chose to believe the testimony of the victim and not the appellant. The evidence required to support a conviction for aggravated sodomy was discussed in dealing with the first issue. A conviction for rape requires evidence that the act of sexual intercourse was committed by a man with a woman not his wife, and without her consent, when the women's resistance is overcome by force or fear. The victim's testimony was sufficient evidence to support a finding of guilty on each crime charged.

The appellant contends the trial court erred in overruling his motion for a mistrial. At about 4 p.m. on the first day of trial the trial court adjourned early because of a prior commitment. At the time of adjournment the victim was on the stand and cross-examination by the appellant's attorney was not completed. When the judge announced the adjournment and admonished the jury there was an emotional outburst by the victim, and she began crying. At the conclusion of the evidence the trial court instructed the jury that "[n]either sympathy nor prejudice should influence you."

Declaration of a mistrial is a matter entrusted to the trial court's discretion. K.S.A. 22-3423. All rape trials involve the risk of emotional outbursts by the complaining witness. When there is no proof of substantial prejudice to the appellant, it cannot be held that the trial court abused the exercise of its power of discretion in denying the mistrial. See *State v. Baker*, 227 Kan. 377, 383, 607 P.2d 61 (1980).

The judgment of the lower court is affirmed.