No. 58,068

STATE OF KANSAS, *Appellee*, v. DEVIN T. GALLOWAY, *Appellant*.

(710 P.2d 1320)

Opinion filed December 6, 1985.

*John C. Chappell*, of Lawrence, argued the cause and was on the brief for appellant.

*Frank D. Diehl*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *James E. Flory*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Devin T. Galloway appeals from his convictions by a jury of one count of rape (K.S.A. 1984 Supp. 21-3502) and one count of kidnapping (K.S.A. 21-3420).

On the morning of March 23, 1984, Miss F., a Kansas University student, was in her apartment in Lawrence. Devin T. Galloway lived across the hall in the same apartment building, but the two were not acquainted. Galloway gained entrance to the apartment to use the telephone. After using the telephone he

departed but returned shortly and was again admitted to the apartment. Miss F. testified that he was armed with a knife; he took her to a bedroom and forced her to disrobe; he bound her arms and legs and then raped her. Following the rape, Galloway strangled Miss F. and threatened to kill her. She lost consciousness on two occasions and, in addition, he attempted to smother her by placing a plastic bag over her head. She was finally able to convince Galloway to let her go upon payment of $400.00. The two then went to a local bank where Miss F. cashed a $400.00 check she had received that morning from her father. Galloway took the money and departed.

The appellant had a different story as to what happened on his second visit to the apartment. He testified Miss F. attempted to seduce him and, although some sexual contact took place, he could not get an erection and no sexual intercourse occurred. He contended that Miss F. offered him money in an attempt to arouse his interest and make him forget about his wife and kids. He thought money might help but as she did not have enough cash, he insisted they go to the bank and obtain $50.00 cash. He told her they could then return to the apartment and make love. The two proceeded to the bank where she cashed a $400.00 check and he then decided he would rather have all the money than the loving. He took her $400.00 and departed.

Appellant's first point on appeal is that the court erred in not instructing the jury on the lesser included offense of attempted rape. In *State v. Royal*, 234 Kan. 218, Syl. ¶ 4, 670 P.2d 1337 (1983), the court held:

"The duty of the trial court to instruct the jury on lesser crimes arises only when there is evidence upon which a defendant might reasonably be convicted of the lesser charge."

In the present case the victim testified that she was raped by the appellant. He testified that while she wanted sexual intercourse, all that took place was some kissing and "fooling around." Either Miss F. was raped or there was only consensual sexual contact. There was no evidence of an attempted rape and there was no error in not giving the instruction. See *State v. Everson*, 229 Kan. 540, 626 P.2d 1189 (1981).

Next, appellant asserts error in the failure of the trial court to instruct on sexual battery (K.S.A. 1984 Supp. 21-3517) and aggravated sexual battery (K.S.A. 1984 Supp. 21-3518) as lesser

included offenses of rape. This court has not previously addressed the issue of whether these two crimes are lesser included crimes of rape. K.S.A. 1984 Supp. 21-3107(2)(d) defines an included crime as a "crime necessarily proved if the crime charged were proved." In *State v. Coberly*, 233 Kan. 100, 661 P.2d 383 (1983), the court held that "an offense is considered a lesser included offense under K.S.A. 21-3107(2)(d) when all elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged." 233 Kan. at 107. Put differently, if the lesser offense requires an element to be proven that is not required of the greater offense, it is not a lesser included offense. *State v. Daniels*, 223 Kan. 266, 573 P.2d 607 (1977).

K.S.A. 1984 Supp. 21-3502 provides:

"(1) Rape is sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:

"(a) When the victim is overcome by force or fear;

"(b) when the victim is unconscious or physically powerless;

"(c) when the victim is incapable of giving consent because of mental deficiency or disease, which condition was known by the offender or was reasonably apparent to the offender; or

"(d) when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance administered to the victim by the offender, or by another person with the offender's knowledge, unless the victim voluntarily consumes or allows the administration of the substance with knowledge of its nature.

"(2) Rape is a class B felony."

K.S.A. 1984 Supp. 21-3517(1) provides:

"(1) Sexual battery is the unlawful, intentional touching of the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another."

K.S.A. 1984 Supp. 21-3518 provides:

"(1) Aggravated sexual battery is:

"(a) The unlawful, intentional application of force to the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another;

"(b) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, against a person under 16 years of age;

"(c) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, committed in another's dwelling by one who entered into or remained in the dwelling without authority;

"(d) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, of a person who is unconscious or physically powerless; or

"(e) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, of a person who is incapable of giving consent because of mental deficiency or disease, which condition was known by, or was reasonably apparent to, the offender.

"(2) Aggravated sexual battery is a class D felony.

"(3) This section shall be part of and supplemental to the Kansas criminal code."

The crime of rape requires proof the defendant had sexual intercourse with a person who does not consent, which was committed by force or fear, or under the other circumstances set forth in the statute. The elements of sexual battery require the State to prove, among other things, that *the victim is not the spouse of the offender* and that the act is done *with the intent to arouse or satisfy the sexual desires of the offender or another.* The same elements are required in the crime of aggravated sexual battery. Obviously, these elements required in sexual battery and aggravated sexual battery are not necessary elements in the proof of rape. We hold that the crimes of sexual battery as set forth in K.S.A. 1984 Supp. 21-3517 and aggravated sexual battery, K.S.A. 1984 Supp. 21-3518, are not lesser included crimes of the crime of rape. No error is shown.

The next issue is whether the trial court abused its discretion by denying Galloway's motion for a continuance on February 8, 1985. Appellant was represented by John Chappell, who was appointed on November 7, 1984. The preliminary hearing was held November 12, at which time trial was set for January 23, 1985. On January 21, 1985, Galloway was granted a continuance to February 20, 1985. Early in February, Galloway became disenchanted with Mr. Chappell's representation and wrote letters to the court seeking new counsel. Mr. Chappell then filed a motion seeking to be relieved of his appointment and a motion seeking a continuance. Both motions were denied on February 8, 1985. The case proceeded to trial on February 20, 1985, with Mr. Chappell serving as defense counsel.

K.S.A. 22-3401 provides that "[c]ontinuances may be granted to either party for good cause shown." In *State v. Thompson*, 232 Kan. 364, 654 P.2d 453 (1982), the court stated:

"The granting or denial of a continuance in a criminal case is a matter which rests in the sound discretion of the trial court. Absent a showing of prejudice to the defendant, and an abuse of the court's discretion, the ruling of the trial court will not be disturbed on appeal." p. 368.

Discretion is abused only when no reasonable man would take

the view adopted by the trial court; if reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion. *State v. Haislip*, 237 Kan. 461, 471, 701 P.2d 909 (1985). There has been no showing of any prejudice and nothing to indicate an abuse of discretion. The point lacks merit.

The final issue is whether the trial court erred in admitting in evidence a pair of the victim's panties. During testimony Miss F. identified them as being the ones she wore at the time of the rape. She also testified she saw blood on her thighs and on the panties while she was at the hospital. Defense counsel objected to the admission of the garment in evidence asserting a lack of relevance and foundation, apparently contending there was an insufficient showing that the stain on the garment was actually blood. The evidence was certainly relevant (K.S.A. 60-401) and it was for the jury to determine what weight would be given to it. No error is shown.

The judgment is affirmed.

LOCKETT, J., concurring and dissenting: I concur with the majority opinion which affirms that sexual battery is not a lesser included crime of rape, that the trial court did not abuse its discretion by refusing to grant the defendant an additional continuance and that the court properly admitted into evidence the stained panties of the victim.

I respectfully dissent from that portion of the opinion which under the facts of this case upholds the trial court's refusal to instruct on the lesser included offense of attempted rape. The majority opinion correctly recites that the trial court's duty to instruct the jury on a lesser crime arises only when there is evidence upon which a defendant might reasonably be convicted of the lesser charge, citing *State v. Everson*, 229 Kan. 540, 626 P.2d 1189 (1981). In *Everson*, the victim testified she was forced at gunpoint to engage in oral sex with the defendant. Everson denied that any act of oral sex occurred, with consent or at gunpoint. Although Everson requested an instruction on sodomy, no evidence of sodomy was presented to the jury. Therefore, it was not necessary to instruct on sodomy as a lesser included offense.

In *State v. Korbel*, 231 Kan. 657, 658-59, 647 P.2d 1301 (1982), the victim claimed that Korbel had raped her. Korbel testified

that the victim had consented and that the act was not completed because he had stopped intercourse when the victim expressed she was suffering pain. The *Korbel* court determined since both the victim and the defendant admitted there was some penetration of the female sex organ by the male sex organ there was no duty on the trial court to give an instruction on the lesser included offense of attempted rape.

Here, the victim testified that she was raped by Galloway. Galloway testified that the victim had attempted to seduce him, there was some sexual contact, he attempted to have intercourse with the victim but he could not obtain an erection and no penetration of the female sex organ by his sex organ occurred. Under the statute, the crime of rape occurs and is complete if there is any penetration, even though slight. *State v. Ragland*, 173 Kan. 265, 268, 246 P.2d 276 (1952). However, since there was evidence which tended to show a lesser degree of the crime charged, Galloway had the right to have his theory of the case presented to the jury with appropriate instructions even though the evidence may have been weak and not conclusive. The trial court's failure to instruct on the lesser included offense of attempted rape requires that Galloway be granted a new trial.

PRAGER, J., joins the foregoing concurring and dissenting opinion.