No. 63,250

STATE OF KANSAS, *Appellee,* v. RICHARD CRAWFORD, *Appellant.*

(795 P.2d 401)

Opinion filed July 19, 1990.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Terra D. Morehead,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action wherein Richard Crawford directly appeals his jury convictions of aggravated burglary, K.S.A. 21-3716; rape, K.S.A. 21-3502; and aggravated criminal sodomy, K.S.A. 21-3506. Crawford was sentenced to five to twenty years' imprisonment for the commission of aggravated burglary and to terms of ten to twenty years for each of the rape and aggravated criminal sodomy convictions. The sentences run concurrently. Crawford's motion to modify the sentences to probation was denied.

224

The facts are in dispute and we therefore set them out in some detail.

On the evening of July 25, 1986, fourteen-year-old C.H. babysat for her aunt and uncle, Dorothy and Sylvester. C.H. testified at trial that a man knocked on the door around 10:30 p.m. asking for Dorothy and Sylvester. C.H. told him they were not home and the man left. The man, later identified as Crawford, returned a short while later and again asked for Dorothy and Sylvester. Crawford told C.H. that Sylvester was coming up the street and, when C.H. opened the door slightly to look, Crawford pushed his way into the house. C.H. called her grandmother but before she could speak Crawford hung up the telephone. Eventually a struggle ensued between C.H. and Crawford. C.H. testified that she bit Crawford when he put his arm around her and that Crawford threatened to get a knife. At that point, Crawford ripped off C.H.'s clothing, took off his own, and raped C.H. C.H. testified Crawford then hit her, ordered her not to scream, and "put his mouth down between my legs." C.H. testified that Sylvester walked in at that point and Crawford told Sylvester that C.H. had invited him to the house earlier. C.H. called the police, and Crawford was arrested on the scene.

Crawford had a different version of the events which he testified to. He claims C.H. said she would like some company when he knocked on the door seeking Dorothy and Sylvester. After leaving to speak with a friend, Crawford returned to the house and C.H. opened the door and invited him in. Crawford told C.H. he had returned to make love to her, and C.H. disrobed. Crawford denied that he and C.H. had sexual intercourse, but stated that while he was kissing C.H.'s breasts and stomach Sylvester arrived home. Until that point, Crawford believed C.H. was 21 years old. Sylvester informed him, however, that C.H. was only 14. Crawford did not want Sylvester to think poorly of C.H. and therefore told Sylvester that C.H. had seen him earlier and "invited him over." Crawford denied the performance of cunnilingus.

An emergency physician who examined C.H. testified that C.H. told him she was raped and, in his words, cunnilingus was performed. The results of a vaginal examination were consistent with the history given by C.H. A police officer who transported

Crawford to the police station stated that Crawford told him about performing cunnilingus on C.H.

Crawford first contends the trial court erred in its instruction on aggravated criminal sodomy because it failed to require the jury to find penetration and that there was insufficient evidence to sustain a conviction of aggravated criminal sodomy.

When charging a jury in a criminal case, it is the trial court's duty to define the offense charged, either in the language of the statute or in appropriate and accurate language of the court. *State v. Lashley,* 233 Kan. 620, 629, 664 P.2d 1358 (1983).

K.S.A. 21-3506 provides in part: "Aggravated criminal sodomy is: (a) Sodomy with a child who is not married to the offender and who is under 16 years of age."

Sodomy is defined, in part, as "oral or anal copulation . . . . Any penetration, however slight, is sufficient to constitute sodomy." K.S.A. 21-3501(2).

The district court instructed the jury as follows:

"The defendant is charged with the crime of aggravated criminal sodomy. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

"1. That the defendant had oral sexual relations with [C.H.];

"2. That [C.H.] was a child who was not married to the defendant and who was under sixteen years of age; and

"3. That this act occurred on or about the 25th day of July, 1986, in Wyandotte County, Kansas."

Crawford asserts the instruction given was erroneous because it failed to set forth the essential element that penetration occurred. The State responds that, although the instruction on aggravated criminal sodomy was erroneous, it was not fatal because Crawford made no contemporaneous objection thereto. When an instruction is not objected to at trial, this court's scope of review is limited to a determination of whether the instruction was clearly erroneous. *State v. Maxwell,* 234 Kan. 393, 399, 672 P.2d 590 (1983); *State v. James,* 217 Kan. 96, 100, 535 P.2d 991 (1975).

Both arguments are without merit because Crawford was incorrectly charged with aggravated criminal sodomy. Recently, in *State v. Moppin,* 245 Kan. 639, 783 P.2d 878 (1989), we determined that cunnilingus, sexual activity with the tongue and the female sex organ, was not an act of sodomy. 245 Kan. at 644.

We ruled in *Moppin* that cunnilingus did not constitute "oral copulation," an essential element of sodomy as it was charged. 245 Kan. at 643. Syllabus ¶ 1 stated: "Oral-genital stimulation between the tongue of a male and the genital area of a female, commonly known as cunnilingus, is not included in the definition of 'sodomy' found at K.S.A. 21-3501(2) . . . ." *Moppin* holds that cunnilingus is not sodomy under Kansas statutes regardless of penetration.

The dissent attempts to rewrite *Moppin* making penetration the missing element causing us to find the offense charged was not sodomy. As illustrated above the decision did not turn on penetration, it turned on the definition of oral copulation which does not include cunnilingus. Even though this writer was the sole dissenter in *Moppin,* he believes it proper appellate procedure to accept statutory interpretation by this court as the law of the state and await legislative action, which has occurred. See L. 1990, ch. 149, § 14(2). This action was prosecuted under the prior statute.

Similar to *Moppin,* Crawford was improperly charged and there was insufficient evidence to establish oral copulation. The State more properly should have charged Crawford with indecent liberties with a child. We conclude Crawford's conviction for aggravated criminal sodomy must be reversed.

Crawford next contends the trial court erred in failing to instruct the jury on attempted rape.

Pursuant to K.S.A. 21-3107, the trial court has an affirmative duty to instruct on all lesser included offenses required by the evidence even when such instruction is not requested. *State v. Everson,* 229 Kan. 540, 542, 626 P.2d 1189 (1981). The trial court's duty arises, however, only when there is evidence upon which a defendant might reasonably be convicted of the lesser charge. *State v. Royal,* 234 Kan. 218, 221, 670 P.2d 1337 (1983). Attempted rape is a lesser included offense of rape. K.S.A. 21-3107(2)(b).

In the present case, C.H. testified that Crawford had sexual intercourse with her without her consent. The examining physician testified a vaginal examination revealed a slight tear at the opening of the vagina and an irritation to the cervix. The physician testified that such evidence was consistent with C.H.'s claim of

sexual assault. Crawford testified that some sexual contact occurred, but that he did not have sexual intercourse with C.H.

In *State v. Galloway*, 238 Kan. 415, 710 P.2d 1320 (1985), with facts similar to the case at hand, the defendant denied having had sexual intercourse with the victim, but admitted some consensual sexual contact had occurred. The defendant argued the trial court erred in failing to instruct the jury on attempted rape. We stated the evidence showed the victim was either raped or there was consensual sexual contact; thus, there was no evidence of an attempted rape and no error in not giving the instruction.

The same rule applies in the present case. C.H.'s testimony and the testimony of the examining physician indicate rape. If the jury believed Crawford's testimony, it would find some sexual contact but no forcible rape. No evidence was presented upon which Crawford might reasonably have been convicted of attempted rape. We find no error in not giving the instruction.

Crawford's final argument is that the instruction given on aggravated burglary was erroneous because it omitted the essential element that a human being was inside the house. Crawford argues the jury could have found only the elements of a simple burglary and therefore his conviction for aggravated burglary should be set aside.

K.S.A. 21-3716 defines aggravated burglary, in pertinent part, as the knowing and unauthorized entry into a building in which there is some human being, with the intent to commit a felony therein. Simple burglary is defined in the same manner but does not require the presence of a human being inside the building. K.S.A. 21-3715.

As we stated above, however, Crawford's failure to object to the instruction at trial limits our scope of review to a determination of whether the instruction was clearly erroneous. *State v. Maxwell*, 234 Kan. at 399. An instruction is clearly erroneous when the appellate court is firmly convinced there is a real possibility the jury would have returned a different verdict if the district court had not erred. *State v. Clements*, 241 Kan. 77, 81, 734 P.2d 1096 (1987); *State v. Stafford*, 223 Kan. 62, Syl. ¶ 2, 573 P.2d 970 (1977). The trial court has a duty to inform the jury of every essential element of a crime charged. *State v. Redford*, 242 Kan. 658, 671, 750 P.2d 1013 (1988); *State v. Houck*,

240 Kan. 130, 138, 727 P.2d 460 (1986). The trial court's instruction on aggravated burglary, omitting an essential element, was clearly erroneous. *Cole v. Young,* 817 F.2d 412, 423 (7th Cir. 1987); *United States v. Hiscott,* 586 F.2d 1271, 1275 (8th Cir. 1978).

The presence of a human being within the building burglarized is the only distinction between aggravated burglary and the lesser crime of simple burglary. Thus, omission of this essential element in the instructions provided to the jury was clearly erroneous as the jury could find no more than simple burglary.

The appellant's convictions of aggravated criminal sodomy and aggravated burglary are reversed. The appellant's conviction of rape is affirmed.

LOCKETT, J., concurring and dissenting: I respectfully dissent from the majority's expansion of the finding in *State v. Moppin,* 245 Kan. 639, 783 P.2d 878 (1989), that oral-genital stimulation by the tongue of the male, without penetration, of the female external sex organ is not included in the definition of sodomy found in K.S.A. 21-3501(2).

The elements of sodomy and ways that the crime of sodomy may be committed have varied with the terms used by the legislature in defining the offense. Sodomy was originally defined as "a crime against nature." G.S. 1868, ch. 31, § 231 stated, "Every person who shall be convicted of the detestable and abominable crime against nature, committed with mankind or with beast, shall be punished by confinement and hard labor not exceeding ten years." In 1969 the legislature expanded "the crime against nature" by enacting the offense of sodomy. K.S.A. 21-3505 (Weeks). The offense of sodomy was defined as "oral or anal copulation between persons who are not husband and wife or consenting adult members of the opposite sex, or between a person and an animal, or coitus with an animal." In 1983 the legislature again expanded the crime of sodomy. K.S.A. 21-3501(2) states:

" 'Sodomy' means oral or anal copulation; oral or anal copulation or sexual intercourse between a person and an animal; or any penetration of the anal opening by any body part or object. Any penetration, however slight, is sufficient to constitute sodomy."

Aggravated criminal sodomy is sodomy with a child who is not married to the offender and is under the age of 16 years. K.S.A. 21-3506.

In *Moppin*, the defendant claimed (1) that the State failed to prove penetration, and (2) it failed to prove oral copulation. After reviewing the trial record, we found that there was no evidence that the defendant had inserted his tongue into the child's sex organ, *i.e.*, no penetration, no crime of sodomy.

The court then entered into a scholarly discussion of whether cunnilingus is sodomy. The court discovered:

"Taber's Cyclopedic Medical Dictionary 1701 (1989), defines 'sodomy' as '[a]nal intercourse, usually between males.' Black's Law Dictionary 1563 (4th ed. 1968), defines 'sodomy' as '[a] carnal copulation by human beings with each other against nature, or with a beast.' The entry further explains that, although strictly speaking sodomy means anal penetration between two males, it has been extended to include anal penetration of a woman or copulation with an animal. It has also been extended to mean penetration of the mouth by the penis. Webster's Third New International Dictionary 2165 (1976) defines sodomy as 'carnal copulation with a member of the same sex or with an animal; nonconsensual copulation with a member of the opposite sex; specif: the penetration of the male sex organ into the mouth or anus of another.'

"As stated, K.S.A. 21-3501 defines sodomy in pertinent part as 'oral or anal copulation.' Taber's defines copulation as 'sexual intercourse,' as does Webster's New Collegiate Dictionary." 245 Kan. at 643.

The court "concluded that cunnilingus is not an act of 'sodomy' as the term is defined by statute, . . . and that *there was insufficient evidence to establish oral copulation.*" [Emphasis added.] *Moppin*, 245 Kan. at 644. Therefore, *Moppin* determined that cunnilingus was not sodomy, then recognized that the legislature had enlarged the crime of sodomy to include "oral copulation," but without proof of penetration of the female sex organ by the tongue, there was insufficient evidence to convict Moppin of that offense.

It has been determined that the "crime against nature," as contemplated by a statute relating to sex perversion, is the perverted act of uniting the mouth of one participant with the sexual organ of the other, with a view of gratifying sexual desire, and a mere kiss or lick of the private organ, even though lewdly done, is not a "copulation" within the statute. Cal. Penal Code § 288a

(West 1988). The word "copulate has had primarily an unvarying significance, to wit, the act of gratifying sexual desire by the union of the sexual organs of two biological entities." *People v. Angier*, 44 Cal. App. 2d 417, 419, 112 P.2d 659 (1941).

Our legislature intended that one of the methods of committing the crime of sodomy was by oral copulation. The word "copulation" has never had the meaning of mere contact and has always had the significance of the verb "to couple," which is an English derivative of the Latin "copulare," translated as "to couple, join, unite, band or tie together." The Latin noun "copula" is translated as "that which joins together, as a band, tie or leash." The English word "copulation" has no other significance than that of uniting in sexual intercourse, and its popular significance is the union of the sexes in the generative act. *People v. Angier*, 44 Cal. App. 2d at 419.

In order to commit the crime of oral copulation, the sodomy statute requires that the sex organ of at least one of the parties must be involved. The sex organ may be either the male or female sex organ. Oral copulation—construed as sodomy—includes cunnilingus, if the tongue penetrates the female sex organ, and fellatio, if the male sex organ penetrates the mouth.

MILLER, C.J., joins the foregoing concurring and dissenting opinion.