(910 P.2d 868)
No. 72,346

STATE OF KANSAS, *Appellee*, v. MERLE E. WALKER, *Appellant*.

Opinion filed February 2, 1996.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., MARQUARDT, J., and JAMES W. PADDOCK, District Judge Retired, assigned.

PADDOCK, J.: Merle E. Walker appeals his conviction of attempted aggravated arson resulting in substantial risk of bodily harm in violation of K.S.A. 1993 Supp. 21-3301 and K.S.A. 1993 Supp. 21-3719. He argues the court erred in instructing the jury and that there was insufficient evidence to convict him of the crime.

On July 2, 1993, Walker had an argument with a friend, Jesse McCoy. Later that evening, McCoy allegedly confronted Walker at a gas station, poured gasoline on him, and attempted to set him on fire. Walker avoided being set ablaze and called the police.

After informing the police of what had happened and who had assaulted him, Walker obtained a container of gasoline and went to the apartment complex where he and McCoy lived, looking for

McCoy. Not finding McCoy, he poured the gasoline on the ground in front of the apartment where McCoy lived.

According to Walker, he did not intend to ignite the gasoline but merely wanted McCoy to smell the gasoline because Walker's family was forced to smell gasoline as a result of the July 2 incident. He then walked away from the McCoy residence and was immediately arrested.

According to the police, Walker told them he was going to burn up McCoy because McCoy had tried to set him on fire.

Walker's case was tried to a jury, which found him guilty of one count of attempted aggravated arson which resulted in a substantial risk of bodily harm. He was sentenced to 53 months of imprisonment, which was within the presumptive range given the crime and Walker's criminal history.

Walker argues that the court erred in instructing the jury on the crime of aggravated arson pursuant to K.S.A. 1993 Supp. 21-3719. He admits that he did not object to the instruction at trial but claims that the error meets the clearly erroneous standard.

Jury instruction No. 7, the attempt instruction, reads in relevant part:

"To establish this charge, each of the following claims must be proved:
1. That the defendant performed an act toward the commission of the crime of Aggravated Arson;
2. That the defendant did so with the intent to commit the crime of Aggravated Arson;
3. That the defendant failed to complete commission of the crime of Aggravated Arson; and
4. That this act occurred on or about the 2nd day of July, 1993, in Wyandotte County, Kansas.
"The elements of Aggravated Arson are set forth in Instruction No. 8."

Jury instruction No. 8 reads:

"The elements of the crime of Aggravated Arson are:
1. That the defendant intentionally damaged the building of Mary McCoy and/or Jesse McCoy, by means of pouring gasoline around the front of a building;
2. That the defendant did so without the consent of Mary McCoy and/or Jesse McCoy;
3. That the defendant did so with the intent to injure Jesse McCoy;
4. That at the time there was a human being in the building;

5. That the pouring of gasoline around the building resulted in a substantial risk of bodily harm; and

6. That this act occurred on or about the 2nd day of July, 1993, in Wyandotte County, Kansas."

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds of the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]" *State v. Deavers*, 252 Kan. 149, 164-65, 843 P.2d 695 (1992), *cert. denied* 125 L. Ed. 2d 676 (1993).

We must first decide if the instruction was erroneous and, if it was erroneous, whether there is a real possibility that the jury could have reached a different verdict had the error not occurred.

Walker does not complain about instruction No. 7, the attempted aggravated arson instruction. The correctness of instruction No. 8, the aggravated arson instruction, is at issue—more specifically, the element of aggravated arson as set out in paragraph No. 1 of instruction No. 8.

According to K.S.A. 1993 Supp. 21-3719, aggravated arson is committing arson as defined by K.S.A. 1993 Supp. 21-3718 upon a building or property in which there is a human being. The element of arson pertinent to this case is: knowingly, by means of fire or explosive, damaging any building or property in which another person has any interest without consent of such person.

The Kansas PIK instruction for aggravated arson reads in relevant part:

"That the defendant intentionally damaged the (building) (property) of _____ by means of (fire) (an explosive);

. That the defendant did so without the consent of _____;

. . . .

That at the time there was a human being in the (building) (property); and

That the (fire) (explosive) resulted in a substantial risk of bodily harm; and

That this act occurred on or about the ____ day of _____, 19___, in _____ County, Kansas." PIK Crim. 3d 59.22.

Instruction No. 8 is problematic. Paragraph No. 1 of that instruction suggests that the court is instructing the jury that pouring

gasoline in front of a building constitutes damaging the building as a matter of law. Whether the building was or could have been damaged would appear to be a question of fact for the jury. See generally *State v. McVeigh*, 213 Kan. 432, 439-440, 516 P.2d 918 (1973) (The term "damage," within the framework of the aggravated arson statute, is of common usage, understandable to lay and professional people alike and, thus, need not be defined.). The instruction could also be read as substituting the term gasoline for explosive. Therefore, the instruction could be read as instructing the jury that arson is the damaging of property by gasoline, an explosive.

The literal interpretation of the statute would mean that if one pours gasoline on another person's shrubs in front of their house and the shrubs are damaged, he or she has damaged another's property with an explosive, gasoline. Pursuant to K.S.A. 1993 Supp. 21-3718, the person would be guilty of arson. Similarly, if one throws an unlit stick of dynamite through the window of a building, he or she has committed arson. This is true even though the dynamite would not have exploded because the fuse was not lit.

The question for the jury to decide was whether Walker intended to ignite the gasoline and damage the building by fire or explosion, not whether he intended damage by the pouring of gasoline around the building.

"When charging a jury in a criminal case, it is the trial court's duty to define the offense charged, either in the language of the statute or in appropriate and accurate language of the court." *State v. Crawford*, 247 Kan. 223, 225, 795 P.2d 401 (1990). "The trial court has a duty to inform the jury of every essential element of a crime charged." 247 Kan. at 227.

"When reviewing challenges to jury instructions, the instructions are to be considered together and read as a whole without isolating any one instruction. If the instructions properly and fairly state the law as applied to the facts in the case, and if the jury could not reasonably have been misled by them, then the instructions do not constitute reversible error although they may be in some small way erroneous." *State v. Johnson*, 255 Kan. 252, 257, 874 P.2d 623 (1994).

The State argues that there is no requirement that the charging document allege all the elements of the attempted crime and,

therefore, the court·need not instruct the jury on all the elements ·of the underlying crime in an attempt case. Such argument is without merit.

In *State v. Linn,* 251 Kan. 797, 802, 840 P.2d 1133 (1992), our Supreme Court found that it was reversible error for the trial court not to instruct the jury on the elements of the underlying felony when the defendant was charged with aggravated burglary. See *State v. Watson,* 256 Kan 396, 403, 885 P.2d 1226 (1994). The same rule would arguably apply in an attempt case. If the jury does not know the elements of the crime which the defendant is accused of attempting, it cannot determine if there has been an overt act towards its commission.

Read together, the instructions required the jury to find: (1) that Walker performed an overt act toward the commission of aggravated arson; (2) that he did so with the intent to commit the crime of aggravated arson; (3) that he failed to complete the crime of aggravated arson; and (4) that the act occurred on or about July 2, 1993, in Wyandotte County, Kansas.

Then, according to instruction No. 8, Walker must have intended to damage the building of Mary McCoy or Jesse McCoy by means of pouring gasoline around the front of the building, without the consent of either Mary or Jesse McCoy, with the intent to injure Jesse McCoy; there must have been a human being in the building; the pouring of gasoline around the building must have resulted in a substantial risk of bodily harm; and the act must have occurred on or about the 2nd day of July, 1993, in Wyandotte County.

Such an instruction, while illogical, is arguably a correct statement of the law. Arson only includes damaging a building or property by fire or *explosive.* The instruction given appears to relieve the State of proving that Walker attempted to damage the building by fire or *explosion* and allowed the jury to conclude arson can be proven by the mere pouring of gasoline around a building. However, reading the statute literally, there is no requirement that the explosive ever be set off.

We do not believe that the legislature meant that the statute be interpreted literally. Rather, we believe the unmistakable intent of

the legislature was that the term "explosive" was to be interpreted as "explosion" and that the use of the word "explosive" was an error in terminology. See *Kenyon v. Kansas Power & Light Co.*, 254 Kan. 287, 292-93, 864 P.2d 1161 (1993) (Errors in terminology and other similar inaccuracies will be corrected where the intent of the legislature is unmistakable.).

We find that instruction No. 8 was clearly erroneous as there is a real possibility that the jury would have returned a different verdict had the error not occurred.

Since this issue is determinative of the appeal, we will not consider the remaining claims of error raised by Walker.

Reversed and remanded for a new trial.