**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS EVERSON,

Petitioner-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS,

Respondent-Appellee.

No. 06-3405

(D. of Kan.)

(D.C. No. 06-CV-3294-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Petitioner-Appellant Thomas Everson, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court did not address Everson's substantive claims, instead dismissing the petition as untimely. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. For

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantially the same reasons as the district court, we deny the application for COA.

## I. Background

Everson was convicted in Kansas state court of rape and aggravated sodomy in 1980. The Supreme Court of Kansas affirmed his conviction in 1981. *State v. Everson*, 626 P.2d 1189 (1981). In his federal habeas petition, Everson says he filed two petitions for post-conviction relief in state court. He claims to have filed the first one in 1996 under case number 96-C-1217 and appeal number 96-77134-A, and court records show the Kansas Court of Appeals disposed of Everson's petition on May 21, 1997. He did not appeal the 1996 petition to the Kansas Supreme Court. Everson says he filed his second petition for post-conviction relief on February 9, 2004. He says the Kansas Supreme Court denied certiorari on that petition on August 4, 2006.

Everson filed this habeas corpus petition in federal district court on October 19, 2006. Everson claims his conviction violated (1) the equal protection clause of the Fourteenth Amendment because blacks were excluded from the jury; (2) the due process clause of the Fourteenth Amendment because the court failed to properly instruct the jury on the elements of rape; and (3) the Sixth Amendment because he was denied effective assistance of counsel when his counsel failed to raise these issues on direct appeal.

The district court determined Everson had one year from enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, to seek federal habeas corpus relief regarding his pre-AEDPA conviction. Accordingly, the district court initially issued Everson an order to show cause why his § 2254 petition was not time-barred.

Everson responded that he had filed petitions for post-conviction relief in state court that should toll the statute of limitations, but he provided no additional dates other than the 2004 state petition originally cited in his federal petition. Everson further asserted that he had been held in long-term segregation and did not have access to the legal resources necessary to prepare a petition. Finally, he mentioned that when the Kansas Supreme Court denied certiorari on his 2004 petition in 2006, his attorney advised him to pursue federal remedies, implying that he relied on his attorney's advice in waiting to file a petition in federal court.

After reviewing Everson's response, the district court dismissed the petition. It concluded that Everson had failed to file a post-conviction action in state court before April 24, 1997 that would toll the limitations period for a § 2254 petition. Because the limitations period for Everson expired on April 24, 1997, Everson's 2004 state court action could have no tolling effect on the already-expired limitations period.

The district court also determined Everson's showing of cause for failure to timely file his petition was insufficient. The court noted equitable tolling is an

extraordinary remedy. Because Everson failed to allege specific facts about how lack of access to legal resources impeded his ability to timely file a claim, his unsubstantiated claim that he lacked resources was insufficient.

Finally, the court also noted attorney error does not generally give rise to equitable tolling, citing *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000), and determined Everson's claim of innocence was not otherwise a "rare and exceptional circumstance" sufficient to support equitable tolling. Order 2.

## II. Discussion

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Everson must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[W]hen the district court's ruling is based on procedural grounds, the petitioner must demonstrate that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack*, 529 U.S. at 484). We do not find the district court's procedural ruling debatable.

AEDPA imposes a one-year limitations period on filing federal habeas petitions. 28 U.S.C. § 2244(d). The district court correctly concluded Everson had one year after the enactment of AEDPA to file his federal petition for post-conviction relief; specifically, he had until April 24, 1997. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). However, 28 U.S.C. § 2244(d)(2) tolls the statute "for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court." *Fleming*, 481 F.3d at 1254. "In addition, the limitations period may be equitably tolled if the petitioner 'diligently pursues his claims and demonstrates that failure to timely file was caused by extraordinary circumstances beyond his control.'" *Id.* (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). The district court's ruling that AEDPA's limitations period was not statutorily or equitably tolled is not reasonably debatable.

In determining whether Everson's state court actions tolled the limitations period, the district court considered only Everson's 2004 state action. Everson's petition for habeas corpus in federal court also mentioned a 1996 state action, though Everson did not provide dates or records for this case. Even if Everson's 1996 action tolled the statute of limitations, according to Kansas court records, the tolling period ended no later than 1997 when Everson failed to appeal that case to the Kansas Supreme Court. Even if we assume Everson's 1996 state action tolled the limitations period until 1997, the one-year limitations period

expired long before Everson filed his 2004 state action or the present 2006 federal habeas petition. The record does not disclose any other state actions by Everson. Thus reasonable jurists could not conclude that the limitations period was statutorily tolled beyond 1997 based on Everson's actions in state court.

Neither could a reasonable jurist conclude equitable tolling is appropriate in this case. The district court correctly noted equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Everson has not made any such showing to explain why we should apply equitable tolling to the seven-year period between his state court petitions when Everson had no state court action pending. He provides no facts about the dates or circumstances of his segregation or facts demonstrating how his segregation prevented him from timely filing for post-conviction relief in either federal or state court. Thus, he makes no showing that he diligently pursued his claims or that the circumstances impeding his claims were extraordinary.

Everson also mentions as justification for equitable tolling that his attorney advised him in a letter to pursue federal habeas relief when the Kansas Supreme Court declined to review his 2004 state court action. He apparently argues the limitations period should equitably be tolled because he followed his attorney's advice. Contrary to the district court's holding that attorney error does not

support equitable tolling, we have recently held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming*, 481 F.3d at 1256 (finding limitations period could be tolled when attorney repeatedly affirmatively represented that he was preparing a petition to be filed). The letter from Everson's attorney, however, does not in any way show egregious misconduct or even error. The attorney's letter merely terminates the attorney-client relationship based on the concluded state appeal, informs Everson that federal relief *may* be available subject to time limitations, and suggests other resources to assist him in determining whether and how to pursue federal relief. The letter does not represent to Everson that time limitations will not bar his claim. Furthermore, Everson received the letter after he filed his federal habeas petition, so Everson could not have relied on the letter when he delayed bringing a federal action.

Everson also argues that failing to reach the merits of his petition would result in a manifest injustice because "justice would be in everyone's best interest instead of leaving an innocent man in prison." Aplt. Br. 4. To prevail on such a claim of innocence, Everson "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted). The only claim Everson makes that potentially addresses his "actual innocence" is

that the trial court failed to correctly instruct the jury on the elements of rape. The jury convicted Everson on the theory of rape that he overcame his victim's resistance by force or fear. Everson argues the trial court should have instructed the jury that no rape occurred if his victim voluntarily consumed drugs or alcohol. But Everson misreads the Kansas statute he cites. The instruction Everson wants does not apply if the defendant overcame his victim's resistance by force or fear. *See* Kan. Stat. Ann. § 21-3502 (1978). Accordingly, Everson has made no showing of actual innocence.

### III. Conclusion

For the reasons stated, we DENY the request for COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge